## WILLIAM C. CARTER *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Essex. Nov. 8, 1878. — July 22, 1879. ENDICOTT & LORD, JJ., absent.

In an endowment policy of insurance issued to A., payable to B. in case of the death of A. within ten years, but to A. if he should survive that period, and containing a condition that, if any premium due upon the policy shall not be paid on the day when the same is payable, the policy shall thereupon become forfeited and void, " this condition, however, being subject to the provisions of" the St. of 1861, *c.* 186, the expiration of the ten years is equivalent to the death of the assured, so far as regards the question when the policy becomes payable ; and if A., having survived the period of ten years and notified the insurer of that fact, after paying each annual premium as it became due, fails to pay the last premium, he is entitled to recover the amount of the policy, less the amount due with interest, from him to the insurer.

SOULE, J. The plaintiff holds a policy on his own life, issued by the defendant, dated in August 1866, and payable to a person named in it in case of the plaintiff's death within ten years, but to the plaintiff if he should survive that period. It is termed an endowment policy. It contains an express condition, " that, if any premium due upon this policy shall not be paid at the day when the same is payable, this policy shall thereupon become forfeited and void ; this condition, however, being subject to the provisions of the 186th chapter of the acts of the Legislature of Massachusetts in the year 1861, entitled ' An Act to regulate the forfeitures of policies of life insurance.' "

The plaintiff paid in cash, or by his own notes, all the several annual premiums except the last one, due in August 1875. This he did not pay. The company had due notice that the plaintiff had survived the period of ten years named in the policy. The question to be decided is whether, notwithstanding his failure to pay the last premium, he is now entitled to recover the amount of the insurance. This depends on the effect to be given to the reference in the policy to the St. of 1861.

It is not necessary, in deciding this case, to consider the question whether the St. of 1861 applies, by its own force, to endowment insurance policies, so called, because the forfeiture clause in the plaintiff's policy is, in terms, made subject to the conditions of that statute. The only question, therefore, is as to the construction to be given to the forfeiture clause, thus qualified.

The defendant contends that the effect of the statute when in-corporated into the policy is merely to keep it alive for a certain period of temporary insurance, after the failure of the assured to pay the stipulated premium when due, and to make the sum insured payable only in case of the death of the assured before the expiration of that period. The plaintiff, on the other hand, contends that the effect is to make the sum insured payable if either the death of the assured or the expiration of the ten years occurs during the period of temporary insurance. The defend-ant relies on the language of the second section of the statute, which provides that, if the death of the assured occurs within the term of temporary insurance, the company shall be bound to pay the amount of the policy; and argues that, as the statute specifies the death as the contingency on which the liability to pay depends, there can be no liability after the failure to pay the premium, except in case of death.

It is to be observed, however, that the purpose of the statute is merely to establish a rule which shall enable the assured to reap the full benefit of premiums paid before default on his part, and, at the same time, to secure to the insurance company, in case it is obliged to pay, the full amount of the premiums which the terms of the policy call for. It is not the purpose of the statute to make a new contract between the parties, nor to make any change in the time when the amount of the policy becomes payable. No difficulty of construction arises when the statute is to be applied to a policy for life, without the endowment feature. Such policy is payable on the death of the assured; and the language of the statute is equivalent to saying, " If the event, on the happening of which the policy becomes payable, occurs during the term of temporary insurance, the company shall be bound to pay." As applied to a pure life policy, the words of the statute cannot have any other meaning than this; and, when the statute provisions are adopted in an endowment policy, for the purpose of qualifying the forfeiture clause, the clause, thus qualified, is to be so construed as to give to the assured its full benefit, without altering any other provision of the policy, if this can be done without violating any rule of law. In the en-dowment policy, the expiration of ten years from its date is the occurrence of an event on the happening of which the policy

becomes payable. As regards the right to receive and the obligation to pay the amount of the policy, it is equivalent to the death of the assured in a pure life policy. In construing the forfeiture clause as qualified by the importation of the statute into it, we must, therefore, regard the expiration of ten years as equivalent to the death of the assured, so far as regards the question when the policy becomes payable. There is no hardship to the defendant in this construction, because it is permitted to deduct from the amount of the policy all unpaid premium, with interest from the day when it became due to the day when the amount of the policy becomes due, so that it is put in precisely the same position in which it would have been if the premium had been duly paid. The construction contended for by the defendant might impose serious hardship on the assured. The premium provided for by the policy is fixed with reference to the endowment feature, and is, of course, much larger than is paid for a pure life policy when the age of the assured is such that his expectation of life is largely in excess of the period at the end of which the amount of the policy is made payable. It would be altogether to the advantage of the insurance company to hold that the policy should be payable only in case of death within the term of temporary insurance, though such term might run for years after the end of the period named in the policy, and that the company, in case the life dropped, might deduct from the amount of the policy the large unpaid endowment premium with the accumulated interest during those years. The more valuable the policy at the time of the default, the greater might be the advantage to the company, in such case.

The result is, that, as the plaintiff survived the period of ten years, and duly notified the defendant of that fact, and the value of the policy when he failed to pay the premium was sufficient to furnish a premium for a temporary insurance for a term extending beyond the expiration of the ten years, he is entitled to recover, and the defendant is bound to pay the amount of the policy, less the amount due from him to the defendant. No objection having been made to the amount of the judgment of the Superior Court, if the plaintiff is entitled to recover anything, the entry must be *Judgment affirmed.*

*S. Wells,* for the defendant.

*C. U. Bell,* for the plaintiff.