JOHN F. BAXTER, Respondent, *v.* BROOKLYN LIFE INSURANCE
COMPANY, Appellant.

Under the provisions of the " act to regulate the forfeiture of life insurance
policies " (§ 1, chap. 341, Laws of 1876, as amended by chap. 321, Laws
of 1877), which provides that no life insurance company shall have power
to declare a policy thereafter issued or renewed by it, forfeited by
reason of non-payment of premium, except upon service of a notice upon
the assured as prescribed, and a failure to pay within thirty days after
such service, the duration and validity of a policy, whatever may be its
terms, is not dependent upon payment of premium on the day named,
but upon payment within thirty days after notice given; the statute is
part of the contract, and governs the rights and obligations of the parties,
the same as if all its terms and conditions had been incorporated therein.

In an action upon such a policy, before the defendant can raise any ques-
tion in regard to non-payment of premium, it is necessary for it to show
the giving of the statutory notice and the lapse of thirty days thereafter
without payment. (ANDREWS, EARL and GRAY, JJ., dissenting.)

Where, therefore, in such an action there was no proof of payment of the last quarter s premium falling due before the death of the insured, and no proof of the giving of the statutory notice, *held* (ANDREWS, EARL and GRAY, JJ., dissenting), it was to be assumed that the policy was in force at the time of the death of the insured, and the obligation to pay upon death, during the life of the policy, was unimpaired, although the premium was unpaid; and that as the liability of the defendant was fixed by the death, it was not necessary to pay, or tender before suit brought, the premium due and unpaid; the unpaid premium with interest being simply a claim to be deducted by defendant from the sum due upon the policy. Reported below, 44 Hun, 184.

(Argued January 29, 1890; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 19, 1887, which denied a motion for a new trial and ordered judgment for plaintiff on a verdict in his favor.

The nature of the action and the material facts are stated in the prevailing opinion.

*N. C. Moak* and *W. H. Ford* for appellant. The General Term held that, under the pleadings, failure of the defendant to prove a forfeiture of the policy in the mode required by the act of 1876–7, was fatal to the defense. It is submitted that this was error. (Laws of 1876, chap. 341; Laws of 1877, chap. 321; *Howell* v. *Ins. Co.*, 44 N. Y. 276; *Bogardus* v. *Ins. Co.* 101 id. 328; *Malone* v. *Sherman*, 49 J. & S. 530; *Bacon* v. *Munn*, 2 Wend. 399; *Crandall* v. *Clark*, 7 Barb. 169; *P. Bank* v. *Mitchel*, 73 N. Y. 406; *Oakley* v. *Morton*, 11 id. 25.) Every case must be tried on the issues presented by the pleadings, and a judgment cannot be sustained on a ground not put in issue, and distinctly and fairly litigated. (*Howell* v. *Ins. Co.*, 44 N. Y. 276; *Bogardus* v. *Ins. Co.*, 101 id. 328; *Heineman* v. *Heard*, 62 id. 448; *Oakley* v. *Morton*, 11 id. 25; *Higgins* v. *Delaware R. R. Co.*, 60 id. 553; *Kimberly* v. *Patchen*, 19 id. 330; *Russell* v. *Carrington*, 42 id. 118; *Southwick* v. *F. N. Bank*, 84 N. Y. 420; *Wright* v. *Delafield*, 25 id. 266, 270; *Day* v. *Town of*

*New Lots,* 107 id. 148, 154, 155 ; *Romeyn* v. *Sickles,* 108 id. 650 ; *Kelsey* v. *Western,* 2 id. 500, 506 ; *Truesdell* v. *Searles,* 104 id. 164, 167 ; *R. Bank* v. *Eames,* 1 Keyes. 588 ; *Baily* v. *Rider,* 10 N. Y. 363 ; *Arnold* v. *Angel,* 62 id. 508 ; *McClung* v. *Foster,* 47 Hun, 421.) The plaintiff could not avail himself of the protection conferred by the statute of 1876, as amended in 1877, as an excuse for the non-payment of the premiums which he alleged he had paid, without pleading the statute or alleging the facts which the statute provides shall confer such protection. (Code, § 530 ; *Goelet* v. *Cowdrey,* 1 Duer, 132 ; *Austin* v. *Goodrich,* 49 N. Y. 266 ; *Brown* v. *Harmon,* 21 Barb. 508 ; *Duffy* v. *O'Donovan,* 46 N. Y. 223.) The complaint of the plaintiff alleging payment of all the premiums on the policy and resting his case on the truth of that allegation, misled the defendant in its answer and defense. A party so misled is entitled to the protection of the court from a misuse or abuse or its established methods of procedure. (*Day* v. *Town of New Lots,* 107 N. Y. 148 ; *Clark* v. *Dillon,* 97 id. 370 ; *Wright* v. *Delafield,* 25 id. 266 ; *Romeyn* v. *Sickles,* 108 id. 650 ; *Southwick* v. *F. N. Bank,* 84 id. 420 ; *Malone* v. *Sherman,* 49 J. & S. 530 ; *People* v. *McComber,* 18 id. 315, 323 ; Bigelow on Estoppel, 687 ; *Northampton Bank* v. *Kidder,* 18 J. & S. 246 ; *Rodermund* v. *Clark,* 46 N. Y. 354.) By alleging payment of the premiums, the plaintiff is estopped from thereafter abandoning that position for another, if the defendant was influenced by or acted upon that allegation. (*W. C. Co.* v. *Hathway,* 8 Wend. 483 ; 4 Kent's Comm. 293 ; *Freeman* v. *Cook,* 2 W. H. & G. 653 ; *C. Bank* v. *N. Bank,* 50 N. Y. 575 ; *Dezell* v. *Odell,* 3 Hill, 215 ; *Reynolds* v. *Garner,* 66 Barb. 313 ; *Blair* v. *Wait,* 69 N. Y. 113 ; *Bean* v. *Pettingill,* 7 Robt. 7 ; *Chapman* v. *O'Brien,* 34 J. & S. 524 ; *L'Amoreux* v. *Vischer,* 2 N. Y. 278 ; *Voorhees* v. *Olmstead,* 3 Hun, 744 ; *Rensselaer* v. *Kearney,* 11 How. [U. S.] 326 ; Bigelow on Estoppel, 687 ; *Rodermund* v. *Clark,* 46 N. Y. 354 ; *Malone* v. *Sherman,* 49 J. & S. 530.)

*Charles E. Cary* for respondent. The plaintiff can recover without showing payment of the quarterly premium. (Laws of 1887, chap. 321; *In re Booth,* 11 Abb. [N. C.] 145.) Independent of the statute referred to, the burden is upon the defendant of proving a forfeiture of the policy. (*Van Valkenburg* v. *A. P. I. Co.,* 9 Hun, 583; 70 N. Y. 605; *Jones* v. *B. L. I. Co.* 61 id. 79; 50 id. 626.) The opinion of the General Term is clearly right and fully sustains the verdict in this case by a course of reasoning which is unanswerable. *Carter* v. *B. L. Ins. Co.,* 110 N. Y. 15.)

O'BRIEN, J. The plaintiff is the assignee of a policy of insurance upon the life of one Joel J. Mattison issued by the defendant dated May 24, 1884, whereby in consideration of a quarter-annual premium of $20.97 to be paid upon delivery of the policy, and thereafter on the twenty-fourth day of August, November, February and May in each year, the defendant insured Mattison's life in the sum of $3,000, payable to his wife, at the office of the company in the city of New York, within sixty days after receipt of satisfactory proof of death *during the life of the policy.* The policy was made subject to numerous conditions, none of which are important for the purpose of this appeal except the condition that it should be void upon failure to pay the premium when due. The complaint alleged the delivery of this contract to the insured, his death on the 7th day of September, 1884, the presentation to the defendant of satisfactory proofs of death, according to the terms of the policy, the refusal of the defendant to pay, and that the insured had made the payments of premium according to his agreement with the defendant. No issue was made by the defendant upon any of the allegations of the complaint except the averment that the insured had paid the premiums according to the terms of the policy, which it denied, and specially alleged that the premium which became due on the 24th day of August, 1884, had not been paid. On the trial the plaintiff put in evidence the policy and a written assignment, by the wife

of the insured, to him of the claim or cause of action, and rested. The defendant moved for a nonsuit on the ground that the insured had failed to comply with the terms and conditions of the policy by neglecting to pay the quarterly premium stipulated to be paid by the terms of the policy on the twenty-fourth day of August prior to the death of the insured. This motion was denied and the defendant excepted, and the only question in the case is thus presented. The death of the insured occurred within less than four months from the time the policy was delivered. The production of the policy at the trial proved the payment of the first quarterly premium. But it was essential to the maintainance of the plaintiff's cause of action to show that the policy was a valid, subsisting contract at the time of the death of the insured. The policy itself contained the stipulation that it was a contract made and to be exected in the state of New York and construed only according to the laws of that state. Aside from the provisions of the policy, and under general rules of law, the contract was subject to the terms and conditions expressed in chapter 341 of the Laws of 1876, as amended by chapter 321 of the Laws 1877. This statute was a part of the contract in question and governed the rights and obligations of the parties in precisely the same way and to the same extent as if all its terms and conditions had been actually incorporated into the policy.

The promise of the defendant was to pay to the beneficiary named the sum of $3,000 upon the death of the insured, in case that event occurred *during the continuance of the contract.* It, therefore, becomes important to inquire whether the policy in question was in force at the time of the death of the insured on the 7th day of September, 1884. If, upon that day, it was a valid, subsisting contract, notwithstanding the failure to pay the premium due on the preceding 24th day of August, then the very contingency upon which the defendant agreed to pay the amount of the insurance has happened. The statute above referred to (Laws 1877, chap. 321) declares that no life insurance company doing business in this

state shall have power to declare forfeited or lapsed any policy thereafter issued by reason of non-payment of premium, unless, after it becomes due, a notice stating the amount of such premium, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, at his last known post-office address, postage paid by the company, and further stating that unless the premium then due shall be paid to the company or its agent within thirty days after the mailing of such notice, the policy and all payments thereon will become forfeited and void. It is also provided by the same section that in case such payment is made within the thirty days limited therefor, it shall be deemed a full compliance with the requirements of the policy in respect to the payment of premium, and it declares that no such policy shall in any case be forfeited, until the expiration of thirty days after the mailing of such notice. These provisions are to have full effect, any condition to the contrary notwithstanding. There was no proof given at the trial by either party to show whether this notice was served or not. It is obvious that this statute, when imported into the contract, modified its conditions in very material respects. The duration and validity of the policy is not then dependent upon payment of the premium on the day named therein, but upon payment within thirty days after the notice had been given. The condition upon which the policy can be forfeited, or in any way impaired as a subsisting contract of insurance, is a failure on the part of the insured to pay the premium within thirty days after notice. The complaint alleges that the insured, after the time of the death, made the payment on the policy as agreed with the defendant. That he actually paid the premium necessary to keep the policy in life till the twenty-fourth of August prior to his death, was established and admitted. It was not necessary to prove that he also paid the premium on the twenty-fourth of August, because the contract was not impaired by a failure to pay on that day, but by a failure to pay within thirty days after the defendant had served the statutory notice. The statute pre-

scribes this notice as a necessary condition of forfeiture, and unless it was served the insured was not in default, because payment within thirty days after notice is to be taken as a full compliance with the conditions as to payment of premium. In the absence of proof, on the part of the defendant, as to the service of the notice, this allegation of the complaint was sufficiently established within the meaning of the contract, as evidenced by the policy and the statute when read together. Before the defendant could raise any question in regard to the non-payment of the August premium, it was necessary for it to show that it had complied with the statute by serving the notice, as this step was essential in order to put the insured in default, or to raise any point based on his omission to pay the last quarterly premium.

It must, therefore, be assumed, in the absence of such notice, that the policy in question was in full force at the death of the insured, and even if the payment of the last premium was omitted the obligation and promise of the defendant to pay upon death, during the life of the policy, was unimpaired. The purpose of the statute referred to was to establish a rule which would preserve to the assured the benefits of premiums paid, and to prevent the lapse of policies of life insurance without ample notice, and an opportunity to save them from forfeiture by payment of premiums due within the specified time, and at the same time secure to the company, in case it is obliged to pay, the full amount of the premium which the policy calls for. When the provisions of this statute are adopted in a contract of insurance, for the purpose of modifying the forfeiture clause and the other strict conditions contained therein, then the clause and these conditions should be so construed as to give to the assured the full benefit contemplated without altering any other provision of the policy, if this can be done without violating any rule of law. When the scope and purpose of the law as deduced from the decisions of this court and the courts of other states involving a construction of the same or similar statutes is considered, no good reason is perceived for interfering with

the result in this case in the court below. (*Phelan* v. *N. M. L. Ins. Co.*, 113 N. Y. 147; *Carter* v. *Brooklyn Life Ins. Co.*, 110 id. 15; *Carter* v. *John Hancock Mutual Life Ins. Co.*, 127 Mass. 153; *Boyd* v. *Cedar Rapids Ins. Co.*, 70 Ia. 325.)

It was not necessary, in order to enable the plaintiff to recover the sum insured, to pay or tender before action brought the premium that was payable on the twenty-fourth of August prior to the death of the insured. If the policy was in full force when the assured died, as we think it was, that event fixed the liability and obligation of the defendant, notwithstanding the omission to make that payment. Nothing remained to be done by the widow of the assured or her assignee, except to present to the defendant the proofs of death required by the policy. The death of the assured terminated the contract. The defendant's promise to pay, if it was not discharged, had matured, and the persons entitled to the benefits of the policy had only to establish the fact of death within the time and in the manner prescribed therein. The contract was kept in life by force of the statute, until the contingency upon which payment depended occurred. The death of the assured created the relation of debtor and creditor between the defendant and his widow, and the unpaid premium, with interest from the date when payable, was a claim to be deducted by the defendant from the sum due upon the policy. This puts the defendant in precisely the same position in which it would have been if the premium had been duly paid. (*Carter* v. *John Hancock M. Life Ins. Co.*, *supra*.)

It was conceded upon the argument in this case that the unpaid premium, and interest thereon, was deducted from the verdict, and thus no injustice has been done.

The judgment should be affirmed.

ANDREWS, J. (dissenting). I dissent from the prevailing opinion in this case. The sole purpose of the statute of 1877, a purpose indicated as well by the title as the body of the act, was to abrogate the rule that the failure to pay the pre-

mium on a life policy on the day specified therein, created a forfeiture and rendered the policy void. The act, therefore, provided that non-payment of the premium at the day should not work a forfeiture, and that the policy should continue in force, notwithstanding such omission, until notice by the company and default of the insured for thirty days thereafter to make payment. The construction placed on the statute in the prevailing opinion, that by its operation the premium does not become due until after notice and expiration of the thirty days, and that meanwhile an action may be brought and a recovery had on the policy, although the premium has not been paid or tendered, is, I think, untenable. The premium is due from the time it becomes due according to the terms of the policy, and remains due at all times thereafter until actually paid, but under the statute default in making payment at the pay-day, nevertheless leaves the contract of the company subsisting, and an action may, therefore, be maintained upon it in case of the death of the insured, unless it is shown that the notice has been given and that the premium was not paid within thirty days thereafter.

But it is a condition precedent to the maintenance of such action that the plaintiff must before suit brought have paid or tendered the premium unpaid. The plaintiff under the statute of 1877, is not required as before to show that it was paid or tendered on the day fixed in the policy, but he must aver and prove that payment was made at some time before the action was commenced, or else no right of action has accrued. This is in accordance with the well-settled rule that in mutual promises the plaintiff seeking to charge the defendant, must aver and prove performance on his part of that which was the consideration of the defendant's promise, and this as well where the promise of the plaintiff was to be performed before the day fixed for performance by the defendant, as where the performance of respective promises were concurrent and dependent. The construction I have given to the statute of 1877 fully accomplishes its purpose, while relieving it of the anomaly that a contract to pay an insurance on condition of the pay-

ment of the premiums may be enforced, although the party claiming performance has never paid or offered to pay what was stipulated.

The cases in Massachusetts and other states have, I think, no bearing upon the present one. They were well decided, and involved no such question as is presented in this case under the statute of 1877.

The judgment should be reversed.

All concur with O'Brien, J., except Andrews, Earl and Gray, JJ., dissenting.

Judgment affirmed.