38 555
138s 207

THE KANKAKEE COAL COMPANY ET AL., IMPLEADED, ETC.,

v.

CRANE BROTHERS MANUFACTURING COMPANY.

*Mechanic's Liens—Res Adjudicata—Amendment of Answer—Proof of Loss of Written Contract—Evidence.*

1. Points passed on in the opinion of this court upon a former appeal in the case at bar, and which were not criticised by the Supreme Court upon the hearing there, are to be considered as *res adjudicata*.

2. Where it appears that a written instrument was probably in the safe of a certain party, such party himself is the proper person to make search for it in order to prove its loss and a search by a party other than the owner of the safe, is not sufficient to lay the ground for the introduction of parol evidence of its contents.

556          APPELLATE COURTS OF ILLINOIS.

VOL. 38.]          Kankakee Coal Co. v. Crane Bros. Mfg. Co.

3.   Upon the case presented, the court below correctly refused to allow the defendant to amend its answer.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILSBURY, Judge, presiding.

Mr. STEPHEN R. MOORE, for appellant.

Mr. H. K. WHEELER, for appellee.

LACEY, J.   This was a petition to enforce a mechanic's lien filed in the Circuit Court by appellee to enforce the collection of the purchase price of an engine sold by it to the Kankakee Coal Company for hoisting coal at its mines in Kankakee. The appellant's claim was for about $2,200 and interest.   A decree in favor of the appellee to enforce the lien was rendered, and from this decree this appeal is taken.   From a former like decree this appeal was taken to this court, and the case was here at the May term, 1888.   On hearing we affirmed that decree, but on appeal to the Supreme Court the decree of affirmance was reversed and the cause remanded to the Circuit Court, for one cause alone, i. e., that on that trial the notes given by the Kankakee Coal Company to appellee were not brought into court and surrendered or offered so to be to said company, or at least shown to be still the property of and in possession of appellee.   The opinion of this court will be found reported in 28 Ill. App. 371, and that of the Supreme Court in 128 Ill. 627.

It will not be necessary for us to make any other statement of the case or the facts therein than will be found in our former opinion except only so far as there has been some little change in the facts and status of the case.   The questions as to the sufficiency of the allegations of the petition and of the contract were passed on by this court when the case was formerly here, and when the case went to the Supreme Court no objection was found to that part of the opinion, and as far as this court is concerned, those questions are *res adjudicata*, and

we will refer to our former opinion for our decision on those points.

It is next claimed that thirty days was not enough time as allowed by decree to pay the money called for in the decree. As there was redemption in this case we think it was ample time.

It is next insisted that the court erred in not allowing appellant to amend its answer so as to show that the contract for the sale of the hoisting machine was in writing and was different from that alleged in the petition. We think the court did not err in this particular. It took the motion and held it to a hearing of the case, and upon a hearing the court thought, as we think, the foundation as to loss of the instrument for introducing parol evidence as to the contents of the supposed contract, was not sufficient. It was shown that the contract was probably in Mix' safe in Chicago and Mix never testified that he made any search there, but Moore, his attorney, stated on oath that he, Moore, made the search. This was not enough; Moore would not be a proper person to make the search. For all Moore knew Mix may have removed it from the safe before he made the search, and Moore could truthfully swear that he could not find it, and, further, he could not make as good a search as the man more familiar with the safe and papers. Neither do we regard the evidence to prove the contents of the written contract as sufficient. It appears from Mix' testimony that there was some kind of proposition for the machine made in writing; whether this was a mere order for the machine reciting some of the terms, or what, we can not tell, but it appears on cross-examination he had been to see appellee about the purchase before the proposition was made (appellant's office was in Chicago, and Mix' in or near Kankakee) several times, and told it that he had a coal mine in Kankakee county and wanted an engine for the mine. He shipped it there and used it and put it up in the mine. This testimony must be taken more strongly against the appellant, and we infer from this proof that the contract for the machine had been fully understood and was in parol, and the proposition, order, or whatever it was, was for the purpose of notify-

ing the appellee to send the machine, and that it was not intended to contain the entire contract. Then, again, the answer admitting the contract as set forth in the petition had been on file for years, and the supposed written contract all the time in appellant's possession, and if any contract as claimed had really existed why was it not insisted on then? The court having a sound discretion in regard to allowing such amendments, could see that, under the very uncertain and unsatisfactory character of the evidence, great injustice might be done appellee to allow it, and we think the court exercised a wise discretion under the circumstances in not allowing it. We find no variance between the proof and the petition, nor did the court err in admitting the stipulation in evidence, for it, as to nearly all material points, was not withdrawn, and besides this is a chancery case and the court will be considered to pay regard to such evidence only as is material and competent, and no point can be made against the introduction of improper evidence if there is enough in the record to support the decree. Helen Mix had no judgment lien as against appellee's claim. The evidence we regard as sufficient.

The decree is therefore affirmed.

<i>Decree affirmed.</i>

SMITH, P. J., dissents.