TEXAS & P. RY. CO. v. WILDER et ux.

(Circuit Court of Appeals, Fifth Circuit. April 17, 1900.)

No. 883.

APPEAL—REVIEW—QUESTIONS DETERMINED ON FORMER APPEAL.
    Questions once considered and decided by an appellate court will not be re-examined on a subsequent appeal or writ of error in the same case.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

T. J. Freeman and F. H. Prendergast, for plaintiff in error.
W. H. Pope and Wm. T. Hudgins, for defendants in error.

Before SHELBY, Circuit Judge, and NEWMAN and MAXEY, District Judges.

NEWMAN, District Judge. This was a suit in the court below by J. H. Wilder and wife against the defendant railway company for damages resulting from the killing of their minor son, Frank G. Wilder. The case is before this court for the second time. It was here as now, at the instance of the railway company, at the November term, 1898, and was decided February 27, 1899. 35 C. C. A. 105, 92 Fed. 953. The judgment of the court below was reversed, and the case remanded, with instructions to grant a new trial, because the plaintiff had been allowed to read in evidence at the trial certain depositions which it was held could not be properly used in the federal court, although they might have been so used in the state court from which the case had been removed. Two questions going to the merits of the case, however, were considered and disposed of in the opinion by Judge Parlange. The law of the case in these two respects was distinctly settled. One of these questions was as to the knowledge of the deceased of the defective character of the machinery, the defect in which caused the accident and his death. The other question was as to the measure of damages. Both questions were settled in favor of the Wilders, the defendants in error. Judge Boarman, however, dissented on the ground that the court below erred with reference to the measure of damages. The rule is clearly established that questions once considered and decided in an appellate court will not, in the same suit, and in the same court, be re-examined. In Railroad Co. v. Carroll, decided in this court (28 C. C. A. 207, 84 Fed. 772), in the opinion by Circuit Judge Pardee, this is said:

"The ruling now assigned as error was one sustaining the demurrer raising exactly the same question determined in this court on a former writ of

error. It is clear that the trial court did not commit reversible error in following the decision of this court, for such was the command in the mandate. It is equally clear that the ruling complained of cannot be re-examined in this court. It is a well-settled and long-established rule that whatever question has been decided by an appellate court on writ of error cannot, in the same suit, and in the same appellate court, be re-examined. Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568, 27 L. Ed. 302; Chaffin v. Taylor, 116 U. S. 567, 6 Sup. Ct. 518, 29 L. Ed. 727."

To the case decided by this court and the decisions cited may be added that of the circuit court of appeals for the Eighth circuit in Balch v. Hass, 19 C. C. A. 151, 73 Fed. 974. While holding that it did not apply in that case, the rule is thus stated in the opinion of the court by Circuit Judge Thayer:

"It is a well-established doctrine, in the federal courts at least, that a second writ of error or a second appeal in the same case only brings up for review proceedings of the trial court subsequent to the mandate, and that it does not authorize a reconsideration of any questions, either of law or fact, that were considered and determined on the first appeal or writ of error, provided the testimony on each trial was substantially the same. This doctrine results from the fact that a judgment rendered by an appellate court in a given case is conclusive on the parties thereto, and that an appellate court, like a nisi prius court, is powerless to review or revise its own judgments after the lapse of a term at which they were rendered, except in cases of fraud. Another form of stating the doctrine is that propositions of law which were considered and decided on the first appeal become the law of that particular case, and, whether right or wrong, must be adhered to on a second appeal. Thatcher v. Gottlieb, 19 U. S. App. 469, 8 C. C. A. 334, 59 Fed. 872, and cases there cited; Tyler v. Magwire, 17 Wall. 253, 283, 21 L. Ed. 576; Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568, 27 L. Ed. 302; Sizer v. Many, 16 How. 98, 14 L. Ed. 861; Corning v. Factory, 15 How. 478, 494, 14 L. Ed. 768; Sibbald v. U. S., 12 Pet. 488, 492, 11 L. Ed. 337; Martin v. Hunter, 1 Wheat. 304, 355, 4 L. Ed. 97."

In the former opinion by this court in this case the questions of the deceased's knowledge of the defective condition of the machinery is briefly disposed of as follows:

"The fourth specification of error, which complains of the refusal of the trial court to give a special charge, is without force. The trial judge in his general charge instructed the jury 'that if the deceased knew of the condition of the engine, or by the use of ordinary care could have known it, plaintiffs cannot recover.' This was sufficient on the matter which is the subject of the special charge refused."

On the second trial in the court below, now under review, the court instructed the jury:

"If you find that Wilder did not know of the defective condition of the machinery, and that by the use of ordinary care he would not have known it, and you find further that the accident was caused by the defective condition of the machinery, in that event you will find for the plaintiffs," etc.

The charge is substantially that approved by this court, as shown by the extract from the former opinion just given.

The other question, concerning the measure of damages, was as to the right of plaintiffs to recover for the loss of the services of their son after he arrived at the age of 21 years. On that subject in the former opinion by this court, after discussing the question and citing authorities, this language is used:

"It was plainly proper in this cause for the trial judge to instruct the jury that they could consider whether the parents had a reasonable expectation that their son would continue to assist them after his majority."

On the second trial in the court below the court instructed the jury in substantial accordance with the law as thus laid down by this court. Where the court below has instructed the jury as to the law substantially as announced by this court in the same case, and the facts are sufficient, as is true here, to support the verdict, the judgment will not be interfered with when the case is here on a second writ of error. The judgment of the court below is affirmed.