MUTUAL LIFE INS. CO. OF NEW YORK v. HILL et al.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 813.

1. SECOND APPEAL—LAW OF CASE.

On the second appeal of a case to the circuit court of appeals, after a reversal of its former decision by the supreme court, the former decision constitutes the law of the case on all points which have not been criticised or reversed by the supreme court.

2. LIFE INSURANCE—PLACE OF CONTRACT—FORFEITURE—WHAT LAW GOVERNS.

Laws N. Y. 1877, c. 321, § 1, provides that no insurance company shall declare a policy forfeited for nonpayment of premiums without having first given assured 30 days' notice that the premiums were due, and that the policy would be forfeited if they were not paid. An application for life insurance in a New York company, made in the state of Washington, contained a provision that "the contract of insurance, when made, shall be held and construed * * * to have been made in the city of New York"; and the policy recited, "In consideration of the application for this policy, which is hereby made a part of this contract." The contract was delivered and the first premium paid in Washington. Held, that the policy was a New York contract, and governed by the statute.

3. SAME—WAIVER BY ASSURED—EFFECT.

The rights of the beneficiaries of a policy governed by Laws N. Y. 1877, c. 321, § 1, providing against forfeiture for nonpayment of premiums, without due notice to the assured, cannot be affected by an attempted waiver of the statute by the assured, or by other than their own act or agreement.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

This is an action to recover the amount of a life insurance policy, brought by the defendants in error, as beneficiaries under said policy, against the plaintiff in error, the company issuing the policy. The case is before this court for the second time; having been removed to the supreme court of the United States (20 Sup. Ct. 914, 44 L. Ed. 1097) after the first hearing (38 C. C. A. 159, 97 Fed. 263–270, 49 L. R. A. 127) upon certiorari, and by that court certified back to the circuit court of the United States for the district of Washington, with a mandate for further proceedings. Upon such proceedings being had (113 Fed. 44), an appeal was again taken to this court.

On April 29, 1886, the plaintiff in error issued its policy of insurance upon the life of George Dana Hill, in the sum of $20,000, in favor of his wife, Ellen Kellogg Hill, if she were living at the time of his death, or, in case of her death, to the children of their bodies who should be living at the time of the death of the insured. The first annual premium, amounting to $814, was paid by the insured, upon delivery of the policy to him at Seattle, Wash., to the agent of the insurance company at that place. The wife died in February, 1887, and the insured died on December 4, 1890. No further premiums were paid upon the policy after the first annual premium. It appears from the evidence that when the next annual premium became due

---

¶ 2. See Insurance, vol. 28, Cent. Dig. §§ 293, 894.

the Seattle agent of the insurance company called upon Hill for payment of the same, presenting a renewal receipt duly executed by the head officials of the company; that Hill did not pay the premium, and after repeated opportunities for payment having been given, and not availed of, the agent at Seattle returned the renewal receipt to the general office of the company at San Francisco; that the head of the latter office, out of special interest in the case, returned the renewal receipt to the agent at Seattle, and it was again presented to Hill, and payment requested; that Hill failed and declined to make payment, and the renewal receipt was returned to San Francisco, and thence to the home office, in New York, where the policy was noted as lapsed and terminated. No offer or tender of payment of premium was later made by any one upon the policy. Upon the death of Hill the defendants in error, children of the said Hill and his wife, and named as beneficiaries in the policy, furnished proper proof of the death of the said Hill, and demanded of the plaintiff in error the payment of the amount of the policy. In support of their claim the defendants in error contended that the insured was not in default in the payment of premiums on said policy until a notice had been mailed to him pursuant to the statute of New York requiring notices to be given by insurance companies transacting business in that state; that according to the agreement contained in the application for insurance, and contract of insurance, the terms of said contract were to be performed in New York, and all questions as to the validity of the provisions of said contract, and as to the rights and liabilities of the parties thereto, must be determined in accordance with the laws of New York; that under such laws the plaintiff in error had no power to cancel the policy or claim a forfeiture without giving the statutory notice; that by reason of the failure to give such notice the premiums did not become due, and there was no default. The plaintiff in error (defendant below) denied that the conditions of the contract of insurance had ever been performed by the insured, and contested the claim that the contract of insurance was to be performed in New York, or was subject to the laws of New York. It contended that it was transacting its business in the state of Washington at the time of the issuance of the policy, having its principal office in Seattle, in said state; that the insured was at that time a citizen of Washington, residing therein; that he made application for insurance of the Seattle agent; that this application was transmitted to the agent of the company at San Francisco, and by him forwarded to the home office, at New York; that pursuant to the application the company issued the policy; sent it to the agent in San Francisco, who afterwards transmitted it to the agent in Seattle; that the insured there paid the first premium, and received the policy. And in response to the contention that there was no default on the part of the insured, it was alleged that at a time more than one year from the time of the issuance of the policy it was mutually agreed between the insured and the insurance company that the said contract of insurance should be waived, abandoned, and rescinded. It was contended that this agreement was made up of the acts of the agent of the insurance company at Seattle in notifying the insured that the premium of $814 necessary to be paid upon said policy for its continuance was due and payable, and of the acts of the insured in informing said agent that he was unable to pay such premium, and intended to allow the policy to lapse and become forfeited for want of payment of said premium, or any future premium accruing on said policy; and it was alleged that the insurance company, in good faith relying upon said conduct and representations of the insured, was induced to, and did, fail and abstain from giving or mailing any notice to the insured, or to any person interested in said policy, concerning the payment of any premium thereon. Demurrers to the answer were sustained, and, upon the election of the plaintiff in error to stand upon its pleadings, a judgment was given upon the pleadings in favor of the beneficiaries for $24,086.61, with interest and costs. The circuit court of appeals affirmed this judgment; holding that the contract of insurance must be considered as made in the state of New York, and subject to the laws of that state. 38 C. C. A. 159, 97 Fed. 263, 267. Upon appeal to the supreme court of the United States, that court held that the answer of the defendant disclosed a distinct agree-

ment on the part of the insured and the company to waive and abandon the policy, and all rights and obligations on the part of the parties thereto, and that upon the allegation of the insurance company that "each and all the plaintiffs, including the beneficiaries, neglected and refused to pay" the premium due on said policy, the beneficiaries were also parties to the abandonment of the policy, and had no rights remaining thereunder. The judgments of the circuit court of appeals and of the circuit court were reversed, and the case remanded to the circuit court with instructions to overrule the demurrers to the answer of the insurance company. Insurance Co. v. Hill, 178 U. S. 347, 20 Sup. Ct. 914, 44 L. Ed. 1097. In accordance with this mandate, the case was reinstated in the circuit court for the district of Washington, brought to trial, and submitted to a jury for decision upon the question whether the insured himself abrogated the contract by any agreement on his part to surrender or avoid it, and, if so, whether there was knowledge of such agreement by the beneficiaries, or whether there was any act on the part of the beneficiaries amounting to a refusal to pay the premiums, or to surrender the policy or abrogate the contract. The jury found a verdict in favor of the beneficiaries in the sum of $29,020, and from that verdict the insurance company again brings the case to this court upon writ of error.

Julien T. Davies, E. S. Pillsbury, Edward Lyman Short, John B. Allen, and Wm. H. Chickering, for plaintiff in error.

S. Warburton, Harold Preston, and Eben Smith, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The assignments of error relate to the refusal of the court to give certain instructions requested by the plaintiff in error, to the giving of other instructions by the court, and to the refusal of the court to grant a motion by the plaintiff in error for a judgment in its favor notwithstanding the verdict.

Upon the former hearing it was held by this court that the policy of insurance in controversy was a New York contract, according to its terms, and that the Laws of New York of 1877 (chapter 321, § 1), providing that no insurance company shall declare a policy forfeited for nonpayment of premiums without having first given the assured 30 days' notice that the premiums were due, and that the policy would be forfeited if they were not paid, were mandatory; also that under such a policy the rights of the beneficiaries could not be affected by an attempted waiver of the statute by the assured, or by other than their own act and agreement. The judgment of this court was reversed upon the ground that the answer of the defendant (plaintiff in error) alleged that the insured and the company had agreed to abandon and terminate the contract of insurance, and that the beneficiaries (plaintiffs below) "had failed, neglected, and refused to pay the second premium," thus refusing to continue the policy. This allegation of the answer, it was said, "disclosed a distinct agreement on the part of the insured and the company to waive and abandon the policy, and all rights and obligations on the part of the parties thereto." Insurance Co. v. Hill, 178 U. S. 347, 350, 20 Sup. Ct. 914, 44 L. Ed. 1097. The case was sent back to the circuit court for trial on this question alone; the supreme court saying in its opinion that

it was an interesting question how far the action of the insured could affect or bind the beneficiaries in a life insurance policy, but that, under the allegations of the answer above stated, it was unnecessary to examine that question. The plaintiffs (defendants in error), by their replication, denied these allegations of the answer, and the case was brought to trial on the issues thus made. Upon the second trial it appeared by the testimony of each of the defendants in error, including the guardian, that not one of them had knowledge of the nonpayment of the premium, and that they had never refused to pay the same. The jury found a verdict for the plaintiffs (defendants in error), upon which judgment was entered. This question of fact relating to the alleged abandonment of the contract on the part of the beneficiaries was thus disposed of in their favor.

The decision of this court upon all other points, not having been criticised or reversed by the supreme court, is now the law of the case for this court. Kankakee Coal Co. v. Crane Bros. Mfg. Co., 38 Ill. App. 555; Matthews v. Bank, 40 C. C. A. 444, 100 Fed. 397; Railway Co. v. Wilder, 41 C. C. A. 305, 101 Fed. 198.

It is contended, however, that with respect to the opinion of this court that the contract of insurance must be considered as having been made in the state of New York, and subject to the laws of that state, this court has, in effect, been reversed by the supreme court of the United States in the case of Insurance Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181. Let us see if that is so. The contract in the present case was made up of the application on the part of the insured, and the policy issued by the company pursuant to the application, and the obligations of the respective parties are defined therein. The application contains the following clause:

"It is agreed that * * * the contract of insurance, when made, shall be held and construed at all times and places to have been made in the city of New York."

In the policy issued in compliance with this application appears the following statement:

"In consideration of the application for this policy, which is hereby made a part of this contract, the Mutual Life Insurance Company of New York promises to pay at its home office, in the city of New York, unto Ellen Kellogg Hill," etc.

The contract was thus, by the express agreement of the parties, made subject to the laws of New York, and governable by them. In the Cohen Case the supreme court gave particular attention to the question of what law should control a contract of insurance made by the insurance company in New York with an individual in the state of Washington. The application in that case contained a stipulation that it (the application) was made subject to the charter of the company and the laws of the state of New York. It was held that, while such a stipulation in the application is not tantamount to a stipulation that the policy issued thereon shall also in like manner be controlled, a provision that the contract issued upon such application should, when made, be in all respects controlled by the laws of New York, incorporates those laws into the terms of the contract, and the contract is then controlled by such laws. Reference was made

to the case of Baxter v. Insurance Co., 119 N. Y. 450, 23 N. E. 1048, 7 L. R. A. 293, as an example, where a stipulation appeared in the application for the policy that it was "a contract made and to be executed in the state of New York, and construed only according to the laws of that state." The case was distinguished from the Cohen Case because of the fact that the application in the Cohen Case recited merely that the application was "subject to the charter of the company and the laws of the state of New York." This application was held to be but a preliminary instrument, containing such a stipulation in order to prevent a local suit as to the effect of statements or representations or any other matter in the application from overriding the provisions of the charter and the laws of the state. No reference to the contract, when completed, was made in the application, and it was held that under those conditions the laws of New York did not apply to the question of forfeiture. In the present case, however, the stipulation in the application is identical in substance with that appearing in the Baxter Case, 119 N. Y 450, 23 N. E. 1048, 7 L. R. A. 293, containing the agreement that the contract, when made, should be held and construed at all times and places to have been made in the city of New York. The policy issued was pursuant to that application, and the agreements contained in the application became a part of the completed contract. The decision of the supreme court in the Cohen Case is not, therefore, a reversal of the decision of this court in the present case, but, on the contrary, it is clearly to be construed as in accord with our decision; and, so construed, we must hold that the contract in the present case is controlled by the laws of the state of New York. By those laws, no forfeiture could occur until the statutory notice had been given to the insured. This notice was not given either to the insured or to the beneficiaries. Hence the policy was still in force at the time of the death of the insured, and the beneficiaries entitled to recover thereon.

Attention has been called to the decision of this court in the case of Insurance Co. v. Hathway, 45 C. C. A. 655, 106 Fed. 815. It is only necessary to say that in that case the facts presented were identical with those in the Cohen Case, the application containing the same stipulation. The case was therefore governed by the decision of the supreme court in the Cohen Case, and is clearly distinguished from the one now under consideration. Here the completed contract was made subject to the laws of New York. There the application merely was subject to the charter of the company and the laws of New York.

The action of the court below appears to have been in accord with the law herein stated, and the judgment is therefore affirmed.