## WESTERN UNION TELEGRAPH CO. v. CZIZEK.

(Circuit Court of Appeals, Ninth Circuit. February 12, 1923.)

No. 3885.

1. **Telegraphs and telephones** ⊂⊃54(5)—**Limitation of liability for unrepeated interstate message binding.**

   Since Congress has accorded to the Interstate Commerce Commission administrative control of the regulation of rates to be charged by telegraph companies, they have authority to establish reasonable rates, including authority to provide rates for unrepeated messages, and the right to fix a reasonable limitation of responsibility where such rates are charged, so that the sender of an unrepeated message at the lower rate cannot escape the attendant limitation of liability.

2. **Appeal and error** ⊂⊃1099(3), 1195(1)—**Decision on former appeal is law of the case controlling at second trial and subsequent appeal.**

   A decision on a former appeal that the telegraph company was guilty of gross negligence which prevented its claiming limitation of liability, though the message was unrepeated, is the law of the case, which is controlling with the trial court and is controlling on the subsequent appeal, since the law of the case, while it does not signify a limitation of power or of jurisdiction, is a wholesome rule which the courts supply to put an end to litigation in the absence of a persuasive reason why it should not apply in the particular case.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Appeal and error ⬚1096(3)—Alleged error admitting testimony available for objection on former appeal cannot be considered on the subsequent appeal.**

Where, at the second trial of an action after the first judgment had been reversed, it was stipulated that the evidence at the first trial should be considered to have been taken at the present trial, subject to legal objections shown by the record at the former trial, the plaintiff in error was precluded on review of the judgment at the second trial from insisting there was error in admitting certain testimony based upon objections and exceptions which were taken and saved at the former trial and were available for controversy on the prior appeal.

4. **Telegraphs and telephones ⬚66(4)—Evidence held not to disprove gross negligence in failing to send message.**

Where a judgment for a telegraph company had been reversed on former appeal on the ground that the company's failure to send the message was gross negligence, additional evidence at the second trial by the telegraph company's employees as to the method of handling messages in general *held* not to disprove the gross negligence of the company in filing away the particular message without transmitting it, and in reporting to the sender when he inquired that it had been transmitted and received.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action at law by J. A. Czizek against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Beverly L. Hodghead, of San Francisco, Cal., and Richards & Haga, of Boise, Idaho (Francis R. Stark, of New York City, of counsel), for plaintiff in error.

Richard H. Johnson and Carey H. Nixon, both of Boise, Idaho, for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is the second appeal. The facts of the case are adequately set forth in the opinion rendered when it was first here, and it is unnecessary to repeat them. Under stipulation of counsel, entered at the trial in the District Court, it was agreed that the testimony taken on the former trial should be considered to have been taken in the present cause, to the same extent as though the witnesses were produced, subject, however, to all legal objections shown by the record on the former trial; and that, in addition to such testimony, the evidence should be confined to the testimony of G. H. Hackett and Mrs. Margaret Holland, and such evidence upon the value of the stock of the Idaho National Bank as might be produced by either party.

At the request of plaintiff in error, defendant below, the court made certain findings of fact and of law, which are in the record and will receive consideration later.

[1] Since the Congress has accorded to the Interstate Commerce Commission administrative control of the regulation of rates to be charged by telegraph companies in prosecuting their business in sending and receiving messages, etc., for remuneration, it has become an

established principle of law that, by reason of the telegraph companies' authority to establish reasonable rates, they likewise possess the primary authority to provide rates for unrepeated messages, and the right to fix a reasonable limitation of responsibility where such rates are charged. Postal Tel.-Cable Co. v. Warren-Godwin Co., 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. 118.

So it is that the sender of an unrepeated message at the lower rate cannot escape the attendant limitation of liability. Western Union Tel. Co. v. Esteve Bros. & Co., 256 U. S. 566, 41 Sup. Ct. 584, 65 L. Ed. 1094.

[2] It is now strenuously urged that the principle is applicable here, and, being so applicable, is preclusive of plaintiff's recovery. The very question, however, was determined to the contrary on the former appeal, and it was held that the present case was not controlled thereby, for reasons then stated. See Czizek v. Western Union Telegraph Co. (C. C. A.) 272 Fed. 223. That holding has now become what is termed the law of the case. It is controlling upon this appeal, and was controlling with the trial court. This doctrine has been so many times affirmed and reaffirmed that it is scarcely subject to controversy.

"It has been settled by the decisions of this court," says the Supreme Court in Roberts v. Cooper, 20 How. 467, 481, "that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first, would lead to endless litigation."

So the Court of Appeals, Eighth Circuit, in Burns v. Cooper, 153 Fed. 148, 151, 82 C. C. A. 300, 303, says:

"As the Circuit Court properly interpreted and followed our former opinion and mandate, that must end the controversy; for our former decision, like the final decision of every court which has jurisdiction of the matters and parties it judges, rendered every question which was actually determined upon that appeal, and every question which might have been then raised in opposition to the decision, res judicata between the parties to it as respects the claim or cause of action there litigated."

To the same effect, see Messinger v. Anderson, from the Sixth Circuit, 171 Fed. 785, 96 C. C. A. 445, where Lurton, Circuit Judge, says:

"No other rule is conceivable having regard to the necessity of putting an end to litigation."

See, also, from this circuit, Mutual Life Ins. Co. v. Hill, 118 Fed. 708, 55 C. C. A. 536; Olsen v. North Pacific Lumber Co., 119 Fed. 77, 79, 55 C. C. A. 665; Montana Mining Co. v. St. Louis Min. & Mill Co., 147 Fed. 897, 78 C. C. A. 33; National Bank of Commerce v. United States, 224 Fed. 679, 140 C. C. A. 219; Bodkin v. Edwards (C. C. A.) 265 Fed. 621, 622.

True, the expression "the law of the case" does not signify a limitation of power or of jurisdiction, yet it embodies a wholesome rule, which the courts apply to put an end to litigation, and there exists no persuasive reason why it should not be applied in the present case.

Counsel's contention in respect to the point under discussion is therefore not well taken.

This court in the former case applied its ruling to all the limitations indorsed on the message, including the clause limiting the time for presenting claim for damages to 60 days, and rendered them of no avail under the evidence attending the neglect in transmitting the message; it being considered that the telegraph company was guilty of gross negligence. These matters, for like reasons, are not again open for controversy, unless the additional testimony of Hackett and Holland renders them so. Of this later.

[3] The plaintiff in error is likewise precluded from now insisting that the District Court erred in admitting certain testimony relating to whether defendant in error would have accepted the price offered for the stock had the telegram reached him in ordinary course. The alleged error is based upon objections and exceptions which were taken and saved at the former trial, and were available for controversy on the prior appeal.

As to the testimony of Hackett and Holland, as it is stipulated it would be if they were called, Hackett relates that he was local manager of the Western Union at the time; that he had no knowledge of the filing of the message; that all messages filed are at the close of business each day checked over to ascertain whether they have been properly transmitted; that this fact is ascertained by examining the check marks which are required to be placed upon each message by the operator who transmits it, which include the initials of such operator and the time of transmission; that, after this check is made, the messages for the particular day are bound together and tied with a string, and laid away for future reference; that he found the missing message in the files of a previous day, and it bore the initials of the clerk who received it from the sender at the counter, but had no operator's check indicating that it had been transmitted, and no perforation showing that it had ever been placed on the operator's hook; that the duty of the clerk who received the message, after indorsing her initials and the filing time thereon, and the amount of the toll, was to place the message upon the operator's hook for transmission.

Mrs. Holland (formerly Brown), who was the clerk at the counter, does not remember anything regarding the nature of the message, nor does she recall the circumstances of its delivery at the Western Union office, but she supports Hackett's testimony as to the finding of the message.

The twelfth finding of fact of the court conforms to this testimony, but draws the deduction that the message was inadvertently put in the file of a former day; and the thirteenth finds that the clerk was a capable and efficient employee, and that the nontransmission of the telegram was due to her inadvertence, and not to any willful, malicious, or wanton act on her part.

[4] Neither this testimony nor the findings of the court respecting it can be regarded as adequate to overcome this court's prior holding that the case is one of gross negligence on the part of the plaintiff in error for failure to transmit. Indeed, the findings as drafted contain

286 F.—31

no specific finding or findings covering pertinent facts that obtained, which were disclosed by the former opinion. We instance only the inquiries of Jones, Jr., made the next day and the day following, at the Western Union office, touching whether the message had been sent, when he was informed by the clerk at the counter, on the first day that it had been sent, and on the next that Czizek had received it.

The fourteenth finding is but a conclusion of law, and is not controlling as a finding of fact.

As we understand the record, the learned trial judge announced his decision after the conclusion of the trial, holding that plaintiff was entitled to recover, which is the equivalent of a general verdict for the plaintiff. The formal findings were made at the request of the defendant. Nevertheless, viewed in the light of the previous opinion of this court, they are sufficient to support the judgment.

Special reference is made in the brief of plaintiff in error, under the heading "Specifications of Error," to findings X, XV, and XVIII, whereby it is contended that there is no competent evidence in the record to support these findings. From a careful reading of the evidence, it is obvious that the contention is not sustained.

Affirmed.