**Frank A. CALHOUN, Appellant,**

v.

**J. W. BERNARD et al., Appellees.**

**No. 19900.**

United States Court of Appeals
Ninth Circuit.

April 5, 1966.

Frank A. Calhoun, in pro. per.

George M. Cox, Roswell Bottum, Jr., of Dillavou & Cox, Los Angeles, Cal., for appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

This is the second appeal in this case. On the first, we remanded "for the making of further findings, either upon the evidence already received or upon such further evidence as the court may decide to hear, and for the entry of a new judgment * * *." (Calhoun v. Bernard, 9 Cir., 1964, 333 F.2d 739, 742). The basic facts are stated in that opinion, and we do not repeat them here.

The trial court did not receive new evidence, but it did make new findings. On this appeal, appellant has brought up the testimony. His primary contention is that the evidence does not support the findings. Findings I through V deal with a master agreement called the Drywall Master Agreement to which Calhoun was a party until July 31, 1959. It provides:

"Effective for work performed on and after January 1, 1959, each individual employer covered by this Agreement will contribute the sum of ten cents (10¢) per hour for each hour worked by Drywall installers employed by such individual employer, under the agreement for a pension plan to be established prior to said effective date. The details of such plan shall be those negotiated between the parties to that agreement known as the Southern California Master Labor Agreement. The parties hereto agree that, upon the establishment of such pension plan, the details of said plan shall be incorporated into an addendum and thereby made a part of this Agreement."

Between January 1 and July 31, 1959, Calhoun employed Drywall installers who worked 3,752½ hours, but made no payment to the pension trust.

Findings VI through XVII deal with the period July 31, 1959 to April 30, 1962. The court found: The master labor agreement referred to in the Memorandum Agreement quoted in our prior opinion was entered into in 1954, and was amended in 1957 and 1959. The contract and the amendments are in evidence. The 1957 amendment contains, as Article XVIII, language substantially similar to that quoted above. This was carried into the 1959 agreement. When the union and Calhoun negotiated the Memorandum Agreement, Calhoun was informed that, by executing it, he was bound by the 1954 master agreement and the 1957 and 1959 amendments and

"the parties to the 'Memorandum Agreement' (Exhibit 3) understood at the time of the execution of said agreement that the defendant was bound to the terms of the 'Master Labor Agreement' (Exhibit 2) and all modifications and changes to said agreement (Exhibits 4, 5, 6, and 7), including the obligation of the defendant to make contributions at the rate of 10¢ per hour for each hour worked by Carpenter employees of the defendant."

The use of the word "herein" in the Memorandum Agreement was a typographical error. It should be "therein."

"The modifications and changes referred to in Paragraph VII of the Findings of Fact and Paragraph V of Conclusions of Law are the modifications and changes referred to by the 'Memorandum Agreement' (Exhibit 3) and such was the intent of the parties to Exhibit 3."

Between August 1, 1959 and April 30, 1962, Calhoun employed carpenters who worked 16,867 hours, but made no contribution to the Carpenters Pension Trust.

There is testimony by the two union representatives who negotiated with Calhoun that supports the findings that Calhoun was given a copy of the 1954 master contract and 1957 amendments, when the Memorandum Agreement was being negotiated, and that he understood that he was bound to make payments to the pension trust. His testimony is to the contrary, but the Court has resolved that conflict against him. There is testimony that the use of the word "herein" in the Memorandum Agreement was a typographical error, and that it should be "therein." We held, in our prior opinion, that the word created an ambiguity. The findings resolve it. The judgment is supported by the findings.

Other contentions raised by Calhoun could have been but were not raised on the prior appeal. We need not consider them. Western Union Tel. Co. v. Czizek, 9 Cir., 1923, 286 F. 478, 481, rev'd on other grounds, 1924, 264 U.S. 281, 44 S.Ct. 328, 68 L.Ed. 682; see also 36 C.J.S. Federal Courts § 297(83), at p. 1297 (1960); Note, 1 A.L.R. 725 (1919).

Affirmed.