**WALKER DISTRIBUTING CO. Inc., et al., Appellant,**

v.

**LUCKY LAGER BREWING CO., a Calif. corporation, Appellee.**

**No. 19930.**

United States Court of Appeals
Ninth Circuit.

July 1, 1966.

---

Douglas D. Kramer, Lloyd J. Walker, Kramer, Walker, Pope & Plankey, Twin Falls, Idaho, for appellant.

Wm. W. Schwarzer, David M. Heilbron, McCutchen, Doyle, Brown, Trautman & Enersen, San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and DUNIWAY, Circuit Judges.

PER CURIAM.

This is the second appeal in this antitrust action. The facts and applicable law are set out in our opinion rendered on the first appeal, reported at 323 F.2d 1 (1963), and we do not repeat them here.

On the first appeal, we remanded to give appellant an opportunity to substantiate its charge that appellee had violated section 1 of the Sherman Act, 15 U.S.C. § 1, by showing (1) a contract, combination, or conspiracy among appellee and its distributors which effected a group boycott of the product of a competing manufacturer, or (2) that the appellee's semi-exclusive distributorship arrangement was "so anti-competitive, in purpose or effect, or both, as to be an unreasonable restraint of trade." 323 F.2d at 7–8. On remand, discovery procedures were completed and depositions submitted to the district court. Following oral argument of appellee's motion for summary judgment, that court granted appellant's request for additional time to present "affidavits or make any other showing he desired in opposition to the showing made in support of the motion." Such affidavits and further showing were not forthcoming, and the district court granted the summary judgment from which this appeal is taken. The evidence presented does not show any contract, combination, or conspiracy to effect a group boycott; still less does it show any "unreasonableness" in the restraint effected. At most, it shows a condition to dealing unilaterally laid down by appellee, and appellee's refusal to abandon that condition in various conversations between appellee and individual distributors wherein those distributors attempted to obtain relinquishment of the condition. This, as our previous opinion shows, is not enough to establish liability under section 1 of the Sherman Act.

Other contentions made by appellant were either made or could have been made on the first appeal, and need not be discussed here. Calhoun v. Bernard, 9 Cir., 1966, 359 F.2d 400; cf. Department of Fish & Game v. FPC, 9 Cir., 1966, 359 F.2d 165.

Affirmed.