718 F.2d 298
 1983-2 Trade Cases 65,655
 Jack SOLINGER, Plaintiff-Appellant,
v.
A. & M. RECORDS, INC., Transamerica Corp., United Artists
Corp., United Artists Records, Inc., Ericmainland
Distributing Co., Musical Isle of America, Record
Merchandising Co., Inc., Jerome Moss, Robert Fead, Sidney
Talmadge, Motown Record Corp., Defendants-Appellees.
 No. 82-4215.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 11, 1983.
Decided Oct. 11, 1983.
 
 Maxwell M. Blecher, Daphne M. Stegman, Blecher & Collins, Los Angeles, Cal., for plaintiff-appellant.
 Kurt W. Melchior, Severson, Werson, Berke & Melchior, San Francisco, Cal., Thomas P. Lambert, Mitchell, Silberberg & Knupp, Los Angeles, Cal., Norman C. Hile, Orrick, Herrington & Sutcliffe, San Francisco, Cal., Jacob Adajian, Encino, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN and SNEED, Circuit Judges, and FRYE,* District Judge.
 PER CURIAM.
 
 
 1
 This antitrust action has returned to this court by way of appeal from a summary judgment for the defendants following an earlier remand. See Solinger v. A. & M. Records, Inc., 586 F.2d 1304 (9th Cir.1978), cert. denied, 441 U.S. 908, 99 S.Ct. 1999, 60 L.Ed.2d 377 (1979); and Solinger v. A. & M. Records, Inc., 538 F.Supp. 402 (N.D.Cal.1982). We affirm.
 
 
 2
 The remand in 1978 required the district court to consider the existence of any material issues of fact on the statutory criteria of the Clayton Act. 15 U.S.C. Sec. 15. The district court, assuming the truth of the well pleaded facts and all undisputed facts, concluded that Solinger was not a person injured in his business or property by reason of any of the conduct of the defendants. Because we agree with that conclusion, we need not reach the question whether any of the alleged territorial allocations and other conduct violated the antitrust laws.
 
 
 3
 Solinger was not a person injured by the defendants' conduct. His relationship to the injured "person," if any, never got beyond that of a prospective shareholder in a corporation that Solinger planned to form and which would then acquire the shares of IMS, the corporate victim of the alleged violations.
 
 
 4
 The conveniences and immunities that arise from doing business through corporate entities carry with them the costs of having those corporate entities seek their remedies in court for injuries to their business or property interests. A shareholder of a corporation injured by antitrust violations has no standing to sue in his or her own name, and a fortiori, a prospective shareholder ordinarily would have no standing. Sherman v. British Leyland Motors, Ltd., 601 F.2d 429, 439-40 (9th Cir.1979); Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 10 (9th Cir.1963), affirmed following remand, 362 F.2d 1008 (9th Cir.), cert. denied, 385 U.S. 976, 87 S.Ct. 507, 17 L.Ed.2d 438 (1966).
 
 
 5
 In this case, Solinger contends that he has standing to sue for the alleged antitrust violations because the conduct of the defendants in improperly allocating territory and in refusing to deal with IMS, the corporation to be acquired by the corporation Solinger was planning to form, directly and proximately caused his proposed deal to abort. He asserts that this frustration of his plans injured him personally as well as injuring the corporations that he planned to utilize in his future dealings. Whatever value this theory may have had at the time it was advanced when this case first came before us, or as the law of the case, its legal basis evaporated with the Supreme Court's recent reaffirmation of traditional views of standing in antitrust cases in Associated General Contractors of California v. California State Council, --- U.S. ----, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).
 
 
 6
 The conduct of the defendants, at worst, reduced the value of the shares of the offended corporation (IMS) to the point that it may have been no longer prudent for Solinger as a potential investor to acquire the offended corporation. Whether or not he proceeded with the formation of an intermediate corporation to hold the IMS stock, Solinger was not injured in his business or property. IMS was the injured party, if anyone was. The district court committed no error in concluding that no triable issue of fact remained in the case.
 
 
 7
 Affirmed.
 
 
 
 *
 The Honorable Helen J. Frye, United States District Judge for the District of Oregon, sitting by designation