MULQUEEN et al. v. SCHLICHTER JUTE CORDAGE CO.

(Circuit Court, E. D. Pennsylvania. May 14, 1901.)

FEDERAL COURTS—JURISDICTION—EQUITABLE DEFENSE IN ACTION AT LAW.

A federal court cannot entertain a purely equitable defense in an action in ejectment, and, the matter being jurisdictional, the court is bound to take notice of it, although no objection is raised by the parties.

Ejectment. On motion by defendant for judgment non obstante veredicto.

Henry F. Cochrane, for plaintiffs.
Kinley J. Tener, for defendant.

J. B. McPHERSON, District Judge. The principal question raised and argued upon this motion cannot be considered by a federal court in this action. The plaintiffs have a complete legal title to an undivided 1/21 of the land described in the writ, and, for the present, this title must prevail. The defense set up is purely equitable, and, while it would be admissible in a Pennsylvania court, it cannot be entertained by a court of the United States in an action at law. The precise point was decided in Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372. See, also, Montejo v. Owen, 14 Blatchf. 324, Fed. Cas. No. 9,722; Snyder v. Pharo (C. C.) 25 Fed. 398; and Kircher v. Murray (C. C.) 54 Fed. 626. As the point is jurisdictional, I am bound to take notice of it upon my own motion, even although it was not raised by the parties themselves: Terry v. Davy (C. C.) 107 Fed. 50.

The motion is refused, and judgment will be entered upon the verdict in favor of the plaintiff.