STATE OF NEBRASKA, EX REL. C. T. BRADBURY, RELATOR, V. JOHN R. THOMPSON ET AL., AS JUDGES, RESPONDENTS.

FILED MAY 20, 1903.   No. 13,159.

**Mandamus:** MANDATE TO DISTRICT COURT. The district court should proceed in a case as directed by the mandate of this court. In an action to foreclose a mortgage, the mandate directed the district court to enter a decree in favor of the plaintiff for the amount due on the mortgage. On the case being remanded, certain parties claiming to have acquired an interest in the mortgaged premises pending the appeal were allowed to intervene in the case, and the court refused to enter a decree in favor of the plaintiff, as directed by the mandate, until the rights of the interveners had been heard and determined. *Held,* That the plaintiff was entitled to a mandamus, commanding the district court to proceed in the case as required by the mandate of this court.

ORIGINAL application for a writ of mandamus directed to the judges of the district court for the eleventh district. *Writ allowed.*

*C. C. Flansburg* and *Richard O. Williams,* for relator.

*A. M. Robbins, contra.*

DUFFIE, C.

This is an original action for a mandamus directed to the judges of the district court for the eleventh judicial district commanding them to carry into effect a mandate of this court. The petition discloses the following facts:

Bradbury, the relator, brought an action in the district court for Wheeler county against Jesse Kinney, and other defendants, to foreclose a mortgage on the southeast quarter of section 12, township 22 north, range 11, in said county. Upon the hearing of said cause, the district court found that the mortgage was not a lien upon said premises, and entered a decree ordering the cancelation of the mortgage of record. The relator herein appealed from said decree to the supreme court, and on February 6, 1902, obtained a judgment in this court reversing the decree appealed from, and remanding said cause to the district court with instructions to enter a decree for the amount of the mortgage and interest in favor of the plaintiff in said suit. It is alleged that the judges have refused to follow the mandate of this court and have disobeyed the same, and have refused and still refuse to enter a decree in accordance with the terms, commands and directions of said mandate. The answer of the respondents, among other things, alleges that at the time of the entry of the decree in the district court directing cancelation of the mortgage, a supersedeas bond was fixed in the sum of $100, to supersede said decree pending an appeal to this court; that said bond was to be filed within twenty days from the rendition of the decree. They further state that as a part of said decree it was ordered, that said mortgage be canceled of record and that the clerk of the district court should certify the same to the county clerk with orders that the said mortgage be canceled of record; that Bradbury, the plaintiff in the said action, failed and refused to give the supersedeas bond to stay said judgment and decree and that after the expiration of twenty days the order so made by the judge of the district court was certified to the county

clerk, and the county clerk in pursuance thereof canceled said mortgage of record; that when said mandate from the supreme court was received by the clerk of the district court for Wheeler county, and at a session of the court shortly thereafter, there was filed in said court a petition for intervention by A. M. Robbins and T. D. Meese; alleging further that the order of the district court was certified by the county clerk, and said mortgage was released of record by the county clerk and that after the same had been released and canceled, Chris Bellsley and wife, two of the defendants in said cause and the owners of the land in question, conveyed by general warranty deed to said A. M. Robbins and T. D. Meese, the west half of the mortgaged premises, and they asked that the said decree ordered by this court might be limited to the east half of said quarter section, and that the west half be declared free from said sale under said mortgage, and that thereupon the district court allowed them, the said Robbins and Meese, to file an answer setting up their interest in said premises, to wit, in the west half of said quarter section; that respondents have not been requested to enter a decree as against the east half of the quarter section, and that they now are and always have been willing to do so. They further set forth that, from the facts set forth in the petition of intervention of said Robbins and Meese, they considered it their judicial duty, and in view of the fact that plaintiff had failed to give a supersedeas bond, and in view of the fact that, as they considered, said judgment had not been in any manner superseded, it was proper and right to allow said A. M. Robbins and T. D. Meese to show their interest in said premises, in order that the rights of all persons might be protected and with no desire or intention of interfering in any manner with the decree of the supreme court, but to give effect thereto in all respects.

A stipulation of facts was filed in this court, from which it appears that A. M. Robbins and T. D. Meese, who now claim to own the west half of the mortgaged premises, were attorneys for Chris Bellsley, one of the defendants in the

foreclosure proceeding and the owner of the equity of redemption. Whether they, as attorneys with knowledge of all the facts in the case, could obtain title to any part of the mortgaged premises as against the decree of foreclosure ordered by this court, it is not now necessary to determine. The only question to be considered is the right of the district court to refuse to enter a decree conforming to the mandate of this court, and to allow other parties not originally impleaded in the case to assert claims against the land acquired since the appeal was taken. The rule, we think, has prevailed without exception that it is the duty of the district court to carry into effect the mandate of this court. In respect to this duty no discretion exists. The question was fully examined in *Gaines v. Rugg,* 148 U. S. 228, 37 L. ed. 432, and it was there said:

"Obeying the mandate of this court, and proceeding in conformity with its opinion in the present case, are not matters within the discretion of the circuit court, and, therefore, the cases which hold that this court will not direct in what manner the discretion of an inferior tribunal shall be exercised," have no application to a petition for a mandamus to require the circuit court to obey the mandate of this court.

*In re Sanford Fork & Tool Co.,* 160 U. S. 247, 40 L. ed. 414, it is said:

"When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court can not vary it or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."

The orderly conduct of litigation and public interests alike require that the mandate of this court directing the

proceeding to be had or the judgment to be entered by the district court should be strictly carried out.   Without now attempting to determine what, if any, rights Robbins and Meese have acquired by their deed, we are convinced that to hold that such rights might be inquired into by the district court before entering the decree required by the mandate of this court, would establish a precedent which would give rise to the practice of attempting to litigate rights acquired by third parties in the subject matter of the action, during the pendency of an appeal, after the case was remanded for final decree; and that the party, who successfully asserted his claim in an appeal to this court, would be met by new conditions and new claims made by third parties, acquired while the appeal was pending, and the enforcement of his rights, as against the original parties to the action, would be held in abeyance until the rights of the new claimants could be determined.

As was well and tersely stated in *State v. Dickinson,* 63 Neb. 869:

"If this may be accomplished, then, indeed, would a suitor be confronted with unsurmountable obstacles barring a final disposition of his cause in conformity with rights regularly adjudicated in his favor.   The mandates of this court would furnish a basis for a retrograde movement, rather than stand as a monument of the progress made in successive steps of litigation and serve as a guide for future proceedings.   The force and effect of the provisions of a mandate ought not thus to be overcome and neutralized."

Whatever rights Robbins and Meese have obtained in the mortgaged premises, can be safely asserted after the entry of the decree required by the mandate of this court. If carrying into effect the provisions of the decree would impair their rights in any respect, the injunctional order of the court may be invoked against the execution of the decree until their rights are examined and ascertained. In this method of procedure no harm can accrue to any of the parties interested in the subject matter of the action,

14

and an orderly course of procedure will be observed. Without in the least doubting the honest motive of the respondents in the course pursued, we are convinced that they have mistaken the rights of the several parties and the rule of law to be observed in this case.

' We therefore recommend that the writ prayed for be allowed commanding the respondents to carry into effect the mandate of this court.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the writ prayed for is allowed, commanding the respondents to carry into effect the mandate of this court.

WRIT ALLOWED.