## BURNS v. COOPER.

### (Circuit Court of Appeals, Eighth Circuit.   April 24, 1907.)

#### No. 2,430.

APPEAL—REVERSAL—FURTHER PROCEEDINGS—MANDATE.

    A mortgage having been executed by a husband and wife, suit was brought to foreclose the same, and a decree rendered charging the life estate of the wife, as widow of a former husband, as well as her after-acquired title to the remainder. This decree was reversed, in so far as it affected such after-acquired title, and the cause was remanded, with directions to render a decree charging the wife's life estate. *Held*, that such judgment constituted the law of the case so far as the wife's life estate was concerned, and that a decree following such mandate was not objectionable for failure of the Circuit Court to declare the decree without prejudice to the future determination of the nature and extent of the wife's interest in the premises at the date of the mortgage.

Appeal from the Circuit Court of the United States for the District of Nebraska.

A. M. Post (John J. Sullivan, on the brief), for appellant.

C. C. Flansburg (R. O. Williams, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. The single question presented by this appeal is: Does the decree which it challenges conform to the mandate of this court issued when the case was here before? A full statement of the case is made in the opinion then rendered (Burns·v. Cooper, 72 C. C. A. 25, 140 Fed. 273), and it will suffice to now briefly mention such matters as are relevant.to the question just stated. The suit was one to foreclose a mortgage containing full covenants for title given by Martin Burns and Mary Burns, his wife, upon land in Nebraska to secure the payment of their joint promissory note. One of the defenses interposed by the wife was that she executed the note and mortgage solely for the benefit of her husband, and that, although she had a right or estate in the land at the date of the mortgage, she did not then have the full title, and, although she had subsequently acquired the full title, the mortgage did not affect the after-acquired title, by estoppel or otherwise, because under the laws of the state in force at the date of the mortgage a married woman could not bind her after-acquired property for the benefit of her husband. In the

bill it was alleged that her right or estate in the land at the date of the mortgage was "a life estate" of which she had become seised upon the death of her former husband, Daniel Foley, then the owner of the land; "said life estate being the right of homestead of the said Mary Foley (now Mary Burns) and her vested right of dower in and to said premises." In her separate answer it was alleged that, upon the death of Daniel Foley, "said property descended to his said children subject to the estate for life therein with which this respondent was seised as such widow, and said children were thereupon seised of said property by title in fee simple subject to the exception above stated," and, as further illustrating her attitude in respect of the nature and extent of her right or estate in the premises at the date of the mortgage, she sought in her answer, as also at the final hearing, to obtain some advantage from prior litigation to which she was a party and in which it was found and adjudged "that the said Mary Burns, then Mary Foley, has a life estate in said land as the survivor of her said husband, Daniel Foley." In the opinion rendered by the Circuit Court at the final hearing (Cooper v. Burns, 133 Fed. [C. C.] 398), it was stated that among the questions presented for determination were these:

"Fourth. Did the fact that Mary Burns had a present vested life estate in said lands at the time she executed complainant's mortgage, and that said mortgage contained the before mentioned covenants as to title, extend the lien of complainant's mortgage to her after-acquired title to the remainder? Fifth. Mary Burns, at the time of the execution of complainant's mortgage, having an existing vested life estate in the mortgaged premises, is she now estopped by virtue of the covenants in the mortgage from asserting that such mortgage is not a lien upon the entire fee estate?"

These questions were answered in the affirmative, and, it appearing that an undivided one-half of the estate in remainder was acquired by her subject to an intervening mortgage, a decree was passed declaring the complainant's mortgage a first lien "on the life estate of respondent, Mary Burns, in said premises," and also a first lien on one undivided one-half, and a second lien on the other undivided one-half, of the estate in remainder. From that decree she appealed to this court, the gravamen of her complaint, as stated in her assignments of error, being that:

"The Circuit Court erred in finding and determining that the mortgage described in the bill of complaint is a lien upon the entire present estate of the respondent, Mary Burns, in the mortgaged property, and in failing to limit and restrict such lien to the interest and estate of said respondent in said property at the date of the execution of such mortgage."

There was no assignment that the Circuit Court erred in finding and determining that at the time of executing the mortgage she had a present vested life estate in the land, or that it erred in declaring the mortgage a lien upon such life estate.

This court, in the opinion rendered upon that appeal, stated at the outset that:

"Prior to the 5th day of July, 1877, one Daniel Foley was the owner of 150 acres of land in Platte county, Neb., occupied by himself, his wife, Mary Foley, and their minor children, Jeremiah and Mary E. Foley, as a homestead. On that day Daniel Foley died intestate, the property descending

under the laws of the state of Nebraska to the children, share and share-alike, subject, however, to the right of homestead and the vested right of dower in the widow; these rights of homestead and dower, in practical effect, amounting to a life estate in Mary Foley."

Then after it was also stated that all had conceded that "the mortgage binds the life estate of Mary Burns," and after the questions presented by the appeal in respect of the effect of the mortgage upon after-acquired title were considered the decree of the Circuit Court was, for reasons there given, held erroneous and reversed, in so far as it fixed the lien of the mortgage upon a greater interest in the lands than "the life estate of appellant, Mary Burns, as held by her at the date of the mortgage," and it was directed that a decree be entered in conformity with the opinion. The mandate subsequently issued precisely followed this ruling and direction.

Upon receiving the mandate the circuit court entered another decree declaring, as did the prior one, the complainant's mortgage a first lien "upon the life estate of Mary Burns in the premises," and directing a sale of such life estate to satisfy the mortgage debt, with costs, if not paid within 20 days, but this decree, differing from the prior one, gave the mortgage no effect beyond this. Mrs. Burns at that time proposed, and the court declined to adopt, the following limitation upon the decree:

"Provided, however, that the decree is without prejudice to the rights of her, the said Mary Burns, and of her successors in interest in respect to the nature and extent of the life interest or estate possessed by her, the said Mary Burns, in the aforesaid real property at the date of the execution of the above-described mortgage and without prejudice to the rights of either or any party in respect to the nature or extent of the interest or estate in said real property which will vest in a purchaser under this decree, such questions and each thereof being hereby expressly reserved by the court."

She then appealed from this decree, and now takes the position that we did not upon the first appeal determine the nature or extent of the right or estate held by her in the premises at the date of the mortgage, that the Circuit Court should have proceeded to determine that matter or should have expressly reserved it, and that, in disregard of the terms of the mandate, the Circuit Court fixed the lien of the mortgage upon an estate for her life in the premises, when, in fact, she did not have such an estate at the date of the mortgage, but was only entitled, at her election, to possess and occupy the premises as a homestead for her life, which was a mere personal right and not vendible, or to take, as dower, a life estate in one third thereof.

What has been said indicates quite strongly that, prior to the original decree, the appellant did not make any such claim as is now put forth, and that she did not upon her first appeal question the Circuit Court's decision that she had a present vested life estate in the premises at the date of the mortgage; but we pass to the question first above stated: Does the second decree conform to the mandate of this court issued when the case was here before? We think it does. As has been shown, the appellant was treated in our former opinion as having at the date of the mortgage a right of homestead and a vested right of dower in the land, the two, in practical effect, amounting to a life estate, and it was distinctly stated that it was conceded by all

that the mortgage was a lien upon this estate. It is not possible to read the opinion without understanding that the life estate so frequently spoken of therein was one in the entire mortgaged premises, and not in some undivided part of them; and, when the concluding paragraph declared that the decree was erroneous and must be reversed, in so far as it fixed the lien of the mortgage upon a greater interest in the land than the life estate of the appellant, "as held by her at the date of the mortgage," these last words were employed as indicating that such was the nature and extent of the estate held by her at that time, as had been before stated, and not as qualifying the ordinary acceptation and meaning of what immediately preceded them. By the plainest implication the opinion held that, when the mortgage was given, the appellant was possessed of homestead and dower rights in the land, amounting to a life estate, and that this was all that was bound by the mortgage; and the decree was reversed because it also declared the mortgage a lien upon the after-acquired estate in remainder. The case is thus fully within the ruling in United States v. California, etc., Co., 148 U. S. 31, 38, 13 Sup. Ct. 458, 37 L. Ed. 354. There the Supreme Court upon a former appeal had reversed a decree dismissing the bill of the United States; the reason for the reversal being that the Circuit Court, upon sustaining pleas interposed by the defendants, erred in dismissing the bill without permitting the United States to reply to them, and the reversal was accompanied by a direction that the United States be permitted to join issue on the pleas. The Circuit Court thereafter restricted the scope of the inquiry to the truthfulness of the matters set forth in the pleas, and upon a second appeal the United States assigned error upon this ruling. Mr. Justice Brewer, after referring to the opinion rendered upon the first appeal and stating that the mandate sent to the Circuit Court conformed to the opinion, said:

"That decision was the law of this case for the subsequent proceedings in that court. There was no adjudication that the pleas were insufficient in law. On the contrary, the plain implication of the opinion was that they were sufficient, and the question which was remanded to that court for inquiry was as to their truthfulness. There was no adjudication of insufficiency and no rehearing ordered on that question. If the government was not satisfied with the decision, it should have called our attention to it, and have sought a modification or enlargement of the decree. The Circuit Court properly construed it, and proceeded in obedience thereto to permit the government to join issue on the pleas, and to entertain an inquiry as to their truthfulness, and that was the only matter open for inquiry."

As the Circuit Court properly interpreted and followed our former opinion and mandate, that must end the controversy; for our former decision, like the final decision of every court which has jurisdiction of the matters and parties it judges, rendered every question which was actually determined upon that appeal, and every question which might have been then raised in opposition to the decision, res judicata between the parties to it as respects the claim or cause of action there litigated. Guarantee Co. of North America v. Phœnix Ins. Co., 59 C. C. A. 376, 124 Fed. 170; United States Mining Co. v. Lawson, 67 C. C. A. 587, 594, 134 Fed. 769, 776; Haley v. Kilpatrick, 44 C. C. A. 102, 104 Fed. 647; Board of Com'rs v. Geer, 47 C. C. A. 450, 108 Fed. 478; In re

Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; Illinois v. Illinois Central R. R. Co., 184 U. S. 77, 91, 22 Sup. Ct. 300, 46 L. Ed. 440.

The decree is accordingly affirmed.