## In re LENNOX et al.

### (District Court, D. Massachusetts. March 26, 1909.)

### Nos. 13,053, 13,157, 13,242.

BANKRUPTCY (§ 468*) — ADJUDICATION IN INVOLUNTARY PROCEEDINGS — RE-HEARING.

After an adjudication of bankruptcy has been affirmed by the Circuit Court of Appeals, and a mandate sent down, the District Court is without power to grant a rehearing on the ground that the appellate court erroneously interpreted the record.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 468.*]

In the matter of Patrick Lennox and others, bankrupts. On petition for rehearing by alleged bankrupt. Petition denied.

Brandeis, Dunbar & Nutter and Jeremiah Smith, Jr., for petitioning creditors.

John P. Leahy, for Patrick Lennox.

Whipple, Sears & Ogden, for James Lennox.

DODGE, District Judge. In these cases adjudication was ordered June 16, 1908. Upon appeals and writs of error the alleged bankrupt attempted to obtain a reversal of these orders in the Court of Appeals. The cases are now here under mandates from that court, affirming the judgment of this court and commanding that such further proceedings be had here in conformity with the judgment of the Court of Appeals, as according to right and justice and the laws of the United States ought to be had, the writs of error or appeals notwithstanding.

The bankrupt now asks a rehearing in this court, and sets forth as the ground of his application that the record in these cases was, without fault on his part, erroneously interpreted by the Court of Appeals and the dismissal of the appeals and writs of error based upon such erroneous interpretation.

The application is one which this court cannot entertain. The merits of the question which the petitioner seeks to reopen have been settled by the appellate court. Now that they have been thus settled this court is without power to re-examine them. However unlimited its power to permit a rehearing while the case was originally before it and nothing had yet been established for its guidance by any higher court, the proceedings which it can now take in the case are defined by the mandate, and do not include any re-examination of questions with which an appellate court has dealt. Sanford Fork, etc., Co., Petitioner, 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; Re Potts, 166 U. S. 263, 267, 17 Sup. Ct. 520, 41 L. Ed. 994. It appears from the petition that the bankrupt has made an application to the Supreme Court of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States for certiorari to the Court of Appeals, and that his application has been denied. The Supreme Court, also, is therefore to be regarded as having passed upon the question of adjudication. Burget v. Robinson, 123 Fed. 262, 266, 59 C. C. A. 260. It is not for this court to say that either the Supreme Court or the Court of Appeals in reaching its result interpreted the record before it erroneously. If there was any ambiguity in the wording of issues submitted to the jury at the trial here, the bankrupt should have taken steps for its correction either in this court or in the Court of Appeals before the final judgment there. No such attempt was made, and he cannot now set up any such alleged ambiguity.

The petition must be denied.