## DEVELOPMENT CO. OF AMERICA v. KING.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

### No. 236.

1. APPEAL AND ERROR (§ 1097*)—PRIOR DECISION AS LAW OF CASE.

The decisions of a Circuit Court of Appeals on questions presented on an appeal become the law of the case, and will be followed on a subsequent appeal therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

2. MASTER AND SERVANT (§ 40*) — CONTRACT OF EMPLOYMENT — ACTION FOR WRONGFUL DISCHARGE—EVIDENCE.

Upon the question whether a service required of an employé was or was not reasonable, and such as he was required to perform under his contract of employment, his testimony as to his ability to perform it, which was known to his employer, is admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 48; Dec. Dig. § 40.*]

3. MASTER AND SERVANT (§ 41*) — CONTRACT OF EMPLOYMENT — DAMAGES FOR WRONGFUL DISCHARGE.

Where plaintiff, after his wrongful discharge from defendant's employment, bought stock in a corporation on an agreement that he should be elected an officer and receive a salary, but the corporation became insolvent before he had received sufficient salary to equal the loss on his

stock, the purchase of the stock and the employment must be regarded as a single transaction, in which plaintiff was loser, and he cannot be required to deduct from a recovery of salary from defendant the amount of salary received from such corporation.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 41.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

On writ of error to review a judgment entered upon the verdict of a jury in the Circuit Court for the Southern District of New York, for $8,271.46 in favor of George H. King, who was the plaintiff below. The decision on the previous appeal to this court is reported in 161 Fed. 91, 88 C. C. A. 255.

Graves & Miles (Harmon S. Graves, Robert H. Miles, Jr., and Charles S. Yawger, of counsel), for plaintiff in error.

Putney, Twombly & Putney (Henry B. Twombly and Louis H. Hall, of counsel), for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The facts appear sufficiently in the opinion of this court upon the former appeal and need not·be restated. Notwithstanding the opinion of Judge Ward (161 Fed. 93, 88 C. C. A. 255), in which he dissented from the interpretation, by the majority of the court, of the order of July 23d, and notwithstanding, also, the opinion of the writer in Meyerson v. Hart (C. C. A.) 167 Fed. 965, we feel constrained to follow the former decision. The mere fact that the personnel of the court has changed furnishes no reason for departing from the construction heretofore placed upon the order. This is true, even though the court, as now constituted, might, were the controversy here for the first time, reach a different conclusion. The former decision is res judicata.

It is argued that the question whether the directions of the defendant requiring Rorison, the plaintiff's assignor, to proceed to Mexico and follow the instructions set out in the letter of July 23d were or were not reasonable, rested upon undisputed facts and should have been determined by the court. Again, it is argued that as Rorison was, concededly, capable of performing some of the duties assigned to him he was not justified in refusing to go to Mexico at all. It is contended that, at least, it was his duty to point out specifically the directions which it was impossible for him to perform, thus enabling the defendant to modify the letter of instructions. Had the defendant done so, limiting the work required to those things which Rorison admits he could have done there would, it is argued, have been no legal excuse for his failure to go to Mexico. On the other hand, had the defendant insisted upon the instructions being carried out ipsissimis verbis, Rorison might then have been justified in his peremptory refusal. All of these contentions are, however, covered by the decision of this court where it is said that "it was for the jury to determine whether the order was reasonable." That the attention of the court was sharply drawn to this question is manifest because of the dissent of Judge

Ward from the proposition that the question of the reasonableness of the order was one of fact. The court having found that the facts were in dispute and within the province of the jury, we are not justified in making a different ruling now.

The trial court was right in permitting Rorison to testify as to his inability to perform the duties assigned to him in Mexico. The defendant, through its vice president, had known Rorison for several years prior to June, 1902, and the work he had done in the past and, generally, the work he was competent to do in the future. The defendant was fully informed of these disabilities by Rorison himself before he was discharged. The jury were entitled to know what manner of man Rorison was and whether he was warranted in taking the position he did take with reference to the order to go to Mexico.

The court properly instructed the jury upon the question of damages. It is said that the $3,000 received as salary from the Federal Asphalt Company should have been deducted from the amount found due from the defendant. It appears that in order to obtain what he supposed would be permanent employment with the Asphalt Company Rorison, in January, 1903, invested $5,000 in its stock and was elected vice president at an annual salary of $4,000. In September, 1903, the company became insolvent and the amount invested became a total loss, leaving as the result a net loss of $2,000. We think that the purchase of the stock and the employment as vice president must be considered as a single transaction, the payment of the salary being conditioned upon the acquisition by Rorison of an interest in the company. In legal effect it was as if he had loaned the company $5,000 on condition that he should be permanently employed at a yearly salary of $4,000. The purchase of the stock was an expense incident to obtaining the employment. The charge fairly presented the issue to the jury and stated the law as enunciated by this court. None of the exceptions to the charge are well taken.

The judgment is affirmed with costs.