FREEMAN–SWEET CO. et al. v. LUMINOUS UNIT CO.

(Circuit Court of Appeals, Seventh Circuit, October 15, 1918.)

No. 2651.

PATENTS ☞324(1)—INFRINGEMENT—APPEAL—RESTRAINING ORDER—PROPRIETY.

Where the trial court, after finding complainant's patent valid and infringed, suspended issuance of injunction pending appeal, on defendants' filing bond to cover profits, etc., *held*, that defendants were authorized to continue their business in the infringing article, and complainant will be restrained from sending circulars to their customers warning against purchasing defendants' goods, particularly where only part of their business was in the infringing article.

Suit by the Luminous Unit Company against the Freeman-Sweet Company and the Reflectolyte Company. From a decree for complainant (249 Fed. 876), defendants appeal. On motion by defendants (appellants) for a restraining order pending appeal. Order issued.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Paul Bakewell, of St. Louis, Mo., and Walter H. Chamberlin, of Chicago, Ill., for appellants.

Dodson & Roe, of Chicago, Ill., and Zell G. Rae, of Des Moines, Iowa, for appellee.

Before BAKER and ALSCHULER, Circuit Judges, and LANDIS, District Judge.

PER CURIAM. Appellee is owner of the Guth patent, No. 1,-076,418, October 21, 1913, for improvements in lighting fixtures. The District Court held that claim 1 was valid and infringed by a certain lighting fixture manufactured by appellant Reflectolyte Company and sold by appellant Freeman-Sweet Company (249 Fed. 876); but the District Court suspended the issuance of an injunction, pending an appeal to this court in which the finding of validity and infringement is challenged, on condition that appellants should file a bond to cover profits and damages and should file monthly reports of sales and consignments. Appellants complied with the conditions; and the record has been filed, but the cause is not ready for submission.

Appellant Reflectolyte Company manufactures many types of lighting fixtures in addition to the one alleged and found to be an infringement, all of which are identified by the trade name "Reflectolyte." Appellee, pending the appeal, has been sending letters and circulars to the customers of Reflectolyte Company and to the retail trade generally, warning the addressees against buying "Reflectolyte" fixtures and threatening suit against those who should fail to comply with the warning.

Applying the doctrine of Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 5 L. Ed. 1065, to this situation, we find that the District Court by its decree authorized appellants, on the conditions named, to continue their businesses in the alleged infringing structure as going concerns. That means that they are entitled to protection in such business against loss and damage by having their customers interfered with and having others who might want to become customers frightened away. And we further find that appellee's letters and circulars are misleading and deceptive, not only in failing to state that appellants have complied with the conditions of the decree, but also in making their threats broad enough to include all the fixtures put out under the trade name "Reflectolyte."

It is therefore ordered:

(1) That appellee, its agents, attorneys, and the like, be and they are hereby severally enjoined, pending final decision, from issuing any letters or circulars similar to those attached to the motion.

(2) That appellee within 10 days file with the clerk of this court a list of the names and addresses of all persons and concerns to whom appellee has mailed or otherwise sent any such letter or circular.

(3) That the clerk mail a copy of this order to each of said persons and concerns.

(4) That the costs of this motion, including all expense of the clerk incurred in complying with clause 3, be taxed against appellee.