## LUMINOUS UNIT CO. v. FREEMAN–SWEET CO.

(Circuit Court of Appeals, Seventh Circuit. December 11, 1924.)

### No. 3232.

**1. Appeal and error ⚖═▷1198—"Law of the case," as decided by Circuit Court of Appeals, binding on District Court.**

The law of a case determined by Circuit Court of Appeals is binding on District Court, which cannot vary it or examine it for purposes other than execution, or give any further or other relief, or review it even for apparent error on any matter decided on appeal, or intermeddle with it further than to settle so much as has been remanded.

**2. Patents ⚖═▷148—Surrender and reissue nullifies original patent, and forecloses right to recover damages for prior infringement.**

Surrender of patent, followed by issuance of a reissue patent, nullifies the original patent, and takes from the patentee his right to recover damages for infringements prior to cancellation of old patent, and his right to prosecute infringement suit to final decree is lost by surrender made after entry of original decree in his favor.

3 F.(2d)—37

**3. Appeal and error ⚖═▷1198—Law of case settled on appeal should be followed by Circuit Court of Appeals, unless clearly erroneous and mischievous in operation.**

The law of the case is conclusive on the lower court, and should be followed by the Circuit Court of Appeals, unless the previous decision is clearly erroneous, announces a wrong rule of law, and one mischievous in its practical operation; but it is not an inexorable rule, and should not be applied when the law as announced is clearly erroneous, works a manifest injustice,' and establishes a practice contrary to best interests of society.

**4. Appeal and error ⚖═▷1203(5)—Dismissal by District Court held proper, notwithstanding mandate of Circuit Court of Appeals, in view of subsequent decision of Supreme Court.**

Where, after mandate of Circuit Court of Appeals, on affirmance of decree adjudicating validity and infringement of patent and directing an accounting, had gone down, an opinion of the Supreme Court announced a decision at variance with opinion of affirmance on the question of finality of such a decree, *held*, the District Court properly entertained motion to vacate its decree and dismiss the suit, notwithstanding mandate of Circuit Court of Appeals.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by the Luminous Unit Company against the Freeman-Sweet Company. Decree was entered for plaintiff on mandate of the Circuit Court of Appeals (264 F. 107), and from a decree, on motion of defendant, vacating former decree and dismissing the complaint, plaintiff appeals. Affirmed.

Harry Lea Dodson, of Chicago, Ill., for appellant.

Paul Bakewell, of St. Louis, Mo., and Charles A. Brown, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

EVAN A. EVANS, Circuit Judge. This suit was to enjoin the further infringement of certain claims of patent No. 1,076,418, and to recover damages for past infringement. Plaintiff prevailed, and the decree in its favor, finding claim 1 valid and infringed, and directing an accounting, was affirmed by this court on appeal. 264 F. 107. Thereafter the mandate of this court was duly issued, and in conformity therewith a decree was entered in the District Court. Thereafter a motion was made to vacate such decree and to enter one dismissing the complaint, which motion was granted. This

decree, the one here involved, is herewith set forth.[1]

[1] It is insisted that the court erred in vacating the decree entered pursuant to the mandate of this court, and in entering one at variance with the previous ruling of this court; reliance being had for this position on the law of the case. The "law of the case" is too well understood to require exposition or elucidation. It has been invoked and applied times without number.[2]  The latest case from this court, recognizing and·

---

[1] Pursuant to the mandate of the United States Circuit Court of Appeals for the Seventh Circuit, and in harmony with the facts brought to the attention of this court that, on July 1, 1919, the original Guth patent in suit, No. 1,076,418, was surrendered, canceled, and "a new patent" (reissue patent No. 14,680) granted, said surrender and cancellation of said Guth patent, No. 1,076,418, having taken effect on July 1, 1919, the decree of this court of May 14, 1918, is changed and modified as follows:

This cause came on to be heard and was argued by counsel for the respective parties, and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows:

1. That in so far as the said decree of this court of May 14, 1918, made the Reflectolyte Company, a Missouri corporation, a party defendant herein, and found that the Reflectolyte Company had infringed claim 1 of the said Guth original patent, No. 1,076,418, and ordered an injunction and accounting, or any other relief, against said the Reflectolyte Company, its clerks, agents, servants, or attorneys, that said decree be, and the same is hereby, reversed, this court not having, and never having had, any jurisdiction in this cause against said the Reflectolyte Company.

2. That any and all statements or reports sent to Hon. A. L. Sanborn, at Madison, Wis., by said the Reflectolyte Company, in pursuance of said decree of May 14, 1918, and since said last-named decree, be forthwith returned to said the Reflectolyte Company at its office at 914 Pine street, St. Louis, Mo.

3. That the said Guth original patent, No. 1,076,418, before the surrender and cancellation thereof on July 1, 1919, by the action of said Guth and by the assent and co-operation of the Luminous Unit Company, was the property of the Luminous Unit Company, the plaintiff herein, and was good and valid in law.

4. That the lighting fixture identified in these proceedings by the blueprint attached to the defendant's answer in this case, being a lighting fixture manufactured by the Reflectolyte Company, of St. Louis, Mo., under certain claims of the Adam United States letters patent, No. 1,121,577, is a lighting fixture which was sold by the defendant herein, the Freeman-Sweet Company, after the date (October 21, 1913) of said Guth original patent, No. 1,076,-418, and before the filing of the bill of complaint herein, and that by the sale of such lighting fixture, identified by the blueprint attached to the defendant's answer herein, the Freeman-Sweet Company had infringed claim 1 of said Guth patent, No. 1,076,418.

5. That as to the other patent named in the bill of complaint herein, being United States letters patent to Guth, No. 1,082,322, the bill herein is dismissed on the ground that the defendant herein, Freeman-Sweet Company, has not infringed said letters patent or any claim or claims thereof.

6. That no injunction issue against said Freeman-Sweet Company in respect to claim 1 of said Guth patent, No. 1,076,418, said patent having been surrendered, canceled, and extinguished by the voluntary act of said Guth and the plaintiff herein after the entry of said decree of May 14, 1918, said surrender, cancellation, and extinguishment of said Guth patent, No. 1,076,418, having taken effect on July 1, 1919.

7. That in view of said surrender, cancellation, and extinguishment of said Guth patent, No. 1,076,418, no accounting shall be had in respect to the infringement by said Freeman-Sweet Company of said claim 1 of said Guth patent, No. 1,076,418, as provided for in said decree of May 14, 1918, and that the appointment of the special master (Mr. Charles B. Morrison) made by said decree is hereby vacated and set aside.

8. That the $20,000 supersedeas bond given by the Reflectolyte Company, in accordance with the provisions of said decree of May 14, 1918, be, and the same is hereby, canceled, annulled, and set aside; the principal and surety therein named being released from all liability under said bond.

9. That all costs in this case in the District Court and in the Circuit Court of Appeals are awarded against the Freeman-Sweet Company, and judgment therefor ordered against said Freeman-Sweet Company: Provided, however, that no expenses, disbursements, or costs taxed against the Luminous Unit Company by the United States Court of Appeals for the Seventh Circuit by the opinion and order of the said Circuit Court of Appeals of October 15, 1918, reported in 253 F. 958, 959, shall be considered as costs taxable against said Freeman-Sweet Company.    Geo. T. Page, Judge.

[2] In re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414; United States v. Terminal R. R. Ass'n, 236 U. S. 200, 35 S. Ct. 408, 59 L. Ed. 535; Eastern Cherokees v. United States, 225 U. S. 582, 32 S. Ct. 707, 56 L. Ed. 1212; Illinois v. Illinois Cent. R. R. Co., 184 U. S. 92, 22 S. Ct. 300, 46 L. Ed. 440; Bell v. Arledge, 219 F. 678, 135 C. C. A. 347; Richards v. Harrison (D. C.) 218 F. 137; D'Arcy v. Jackson Cushion Spring Co., 212 F. 891, 129 C. C. A. 409; Chesapeake, etc., R. Co. v. McKell, 209 F. 517, 126 C. C. A. 336; Moneyweight Scale Co. v. Toledo Computing Scale Co., 199 F. 906, 118 C. C. A. 235; United States v. Terminal Ass'n (D. C.) 197 F. 449; Harrison v. Clarke, 182 F. 768, 105 C. C. A. 197; In re Lennox (D. C.) 181 F. 428; Taylor v. Colorado Iron Works, 33 Colo. 185, 80 P. 129; Minnesota Land, etc., Co. v. Munch, 118 Minn. 343, 136 N. W. 1026; State v. Thompson, 69 Neb. 160, 95 N. W. 47; In re Potts, 166 U. S. 266, 17 S. Ct. 520, 41 L. Ed. 994; Potts v. Creager (C. C.) 71 F. 576; Bissell Carpet Sweeper Co. v. Goshen Sweeper Co., 72 F. 552, 19 C. C. A. 25; Walker v. Brown (C. C.) 86 F. 365; Illinois v. Illinois Cent. R. R. Co., 91 F. 957, 34 C. C. A. 138; Brown v. Lanyon Zinc Co., 179 F. 309, 102

applying the law of the case, is Lackner v. Starr, 2 F.(2d) 516, decided at the last session.

The rule is expressed in Re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414, and restated in Re Potts, 166 U. S. 266, 17 S. Ct. 521, 41 L. Ed. 994, as follows: "When a case has been once decided by this court on appeal, and remanded, * * * whatever was before this court and disposed of by its decree is considered as finally settled. The Circuit Court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution, or give any other or further relief, or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it, further than to settle so much as has been remanded. * * * If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court."

Turning to the record to ascertain what was decided on the former appeal, and what fact or facts, if any, supposedly new, were brought to the attention of the District Court which occasioned the change in the decree, we find that subsequent to the entry of the original decree in the District Court, appellant, the holder and owner of the patent herein involved, filed "a petition and application to surrender said Guth patent, No. 1,076,418, and to grant a reissue patent on said application and said surrender of said original patent," and pursuant to "said petition and application there was granted and issued a reissue patent, No. 14,680." Such fact, however, was brought to the attention of the Circuit Court of Appeals on the previous appeal, where appellee (then appellant), in addition to attacking the validity of the patent in suit and disputing its infringement, asked that the cause, be dismissed because, "subsequent to the entry of the decree in the District Court, patentee had surrendered its patent and sought to secure a reissue patent."

Disposing of that issue, this court said: "Appellant's motion for a dismissal of the

C. C. A. 497; Great Northern Ry. Co. v. Western Union Tel. Co., 174 F. 323, 98 C. C. A. 193; Burns v. Cooper, 153 F. 151, 82 C. C. A. 300; James v. Central Trust Co., 108 F. 931; State v. Dickinson, 63 Neb. 872, 89 N. W. 431; Smith v. Vulcan Iron Works, 165 U. S. 526, 17 S. Ct. 407, 41 L. Ed. 810.

entire cause because, since the submission of the case on this appeal, the original patent was surrendered and a reissue patent granted, must be denied. It is unnecessary for us to consider what the effect of a surrender and a reissue, not modifying in any manner the claims in suit, but adding another claim, would be, if the suit on the original patent were undetermined, or a decree therein were interlocutory in the true sense as to the merits of the patent controversy; in the case before us, the surrender and reissue were effective only after the entry of the decree determining validity and infringement and granting a permanent injunction; and in National Brake & Electric Co. v. Christensen et al., 258 F. 880, 169 C. C. A. 600, decided April 29, 1919, we held, on full consideration, that such a decree was final in essence, even though interlocutory in time relation. The rights of the parties are determined as of the date of such a decree, a subsequent surrender of the patent does not involve an abandonment of such rights (Mevs v. Conover, 125 U. S. 144, 145, 23 L. Ed. 1008), and the recovery on the accounting will not be based upon the surrendered patent, but upon that decree which itself is based upon a patent in full force at the date of its entry."

To determine whether there should be a reversal of the order now appealed from, we are first confronted with the existence of error in our previous decision, and, if such exists, the application of the law of the case to the facts of this case. The degree of finality accorded the decree upon the former hearing, based upon the authority of the Christensen Case, 258 F. 880, 169 C. C. A. 600, is at variance with the views expressed in the subsequently decided case of Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475. The writer of this opinion, the only judge of the present court who participated on the previous hearing, acknowledges his full share of responsibility for the conclusion there reached. We at that time relied upon the law as announced in the Christensen Case. Had the case of Simmons Co. v. Grier Bros. Co., supra, been decided, a different conclusion would have been announced.

[2] There is no room for controversy as to the effect of the surrender of the patent sued upon and the issuance of a reissue patent. The surrender of this patent, followed by the issuance of a reissue patent, not only nullified the original patent, but took from the patentee his right to recover damages for infringements committed prior to the cancellation of the old patent. McCormick

Company v. Aultman Company, 169 U. S. 606, 18 S. Ct. 443, 42 L. Ed. 875; Reedy v. Scott, 90 U. S. (23 Wall.) 352, 23 L. Ed. 109; Peck v. Collins, 103 U. S. 660, 26 L. Ed. 512; Meyer v. Pritchard, 131 U. S. CCIX, Appx., 23 L. Ed. 961; Moffit v. Garr, 66 U. S. (1 Black.) 273, 17 L. Ed. 207; Lattig & Goodrun v. Dean, 117 O. G. 1798. Are we in a position to now correct the error? In other words, should we apply the law of the case? To what extent the law of the case should govern the disposition of a pending suit in the appellate court which made the erroneous pronouncement has always been and always will be a more or less vexatious question.

[3] The rule of the "law of the case" differs, to a certain extent, both in the reasons back of it and in its conclusiveness, from the rule of res adjudicata, and also from the doctrine of stare decisis. As to its conclusiveness, it lies somewhere between the two. It is doubtless more persuasive upon the court that pronounced it than the doctrine of stare decisis; but it is, except in the lower court, not entitled to the conclusiveness and finality that is accorded the plea of res adjudicata. It is conclusive with the lower court, and though cases may be found making it also conclusive with the appellate court pronouncing it (Standard Sewing Machine Co. v. Leslie, 118 F. 557, 55 C. C. A. 323; Roberts v. Cooper, 61 U. S. [20 How.] 467, 481, 15 L. Ed. 969, and cases there cited; Thompson v. Maxwell, 168 U. S. 451, 18 S. Ct. 121, 42 L. Ed. 539; Development Co. of America v. King, 170 F. 923, 96 C. C. A. 139; U. S. v. Axman, 193 F. 644, 113 C. C. A. 512; Olsen v. North Pac. Lumber Co., 119 F. 77, 55 C. C. A. 665; Thatcher v. Gottlieb, 59 F. 872, 8 C. C. A. 334; Burow v. Grand Lodge S. of H., 134 F. 1021, 67 C. C. A. 679), the better rule appears to be that, unless the previous decision is clearly erroneous, announces a wrong rule of law, and one mischievous in its practical operation, it should be followed.

I appreciate this court has expressed itself as favoring unqualified adherence to the law as pronounced, whether erroneous or not. Standard Sewing Mach. Co. v. Leslie, 118 F. 557, 55 C. C. A. 323. Notwithstanding the holding of this case, the view that appeals to us, and which we adopt, merely recognizes the law of the case as one of public policy and private peace, and one to be followed generally, and departed from rarely. It is, however, not an inexorable rule,

and should not be applied where the law as announced is clearly erroneous, and establishes a practice which is contrary to the best interests of society, and works a manifest injustice in the particular case. Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152; Johnson v. Cadillac Motor Car Co. (C. C. A.) 261 F. 878, 8 A. L. R. 1023; Raydure v. Lindley (C. C. A.) 268 F. 341; Chesapeake Co. v. McKell, 209 F. 514, 126 C. C. A. 336; Chase v. United States (C. C. A.) 261 F. 833; United States Annuity & L. Ins. Co. v. Peak, 129 Ark. 43, 195 S. W. 392, 1 A. L. R. 1267; Johnson v. Cadillac Motor Car Co (C. C. A.) 261 F. 878, 8 A. L. R. 1033.

The present case is, we think, clearly distinguishable from the case of Lackner v. Starr, supra. In fact, a study of the two cases may serve to emphasize the distinction which justified the application of the law of the case in Lackner v. Starr, and in rejecting it in the instant case. In the Lackner v. Starr Case we found no pronouncement of the law by the Supreme Court between the dates of the first and second decision. If error was committed in the rendition of the first opinion by this court, it was due to a misunderstanding or a misapplication of the holdings of certain Supreme Court decisions. The same decisions, and no others, were cited on the second appeal.

[4] In the present case, the court on the former appeal relied upon a decision which at that time expressed the law in this circuit. Between the hearings on the two appeals the Supreme Court announced a decision at variance with the opinion expressed in the case relied upon (the Christensen Case, 258 F. 880, 169 C. C. A. 600) as authority by this court. Moreover, the opinion deals with a matter of practice of large moment to the patent profession. Likewise, no great hardship follows because appellant as the holder of a reissue patent, may assert his rights in a suit thereon unprejudiced by the decision herein.

Appellant, when it surrendered its patent No. 1,076,418, and secured in lieu thereof reissue patent No. 14,680, lost its right to prosecute its pending suit to final decree. Such facts being brought to the attention of the court wherein the suit is pending, it became the duty of the court to dismiss the suit. While the decree before us contained some provisions other than dismissal, appellant is not complaining thereof.

The decree is affirmed.