## DEVELOPMENT CO. OF AMERICA v. KING.

### (Circuit Court of Appeals, Second Circuit. April 14, 1908.)

### No. 196.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT——IMPLIED CONDITIONS.

There is an implied, if not an expressed, condition in a contract of employment that it was made with some regard to the known capabilities of the employé, and such condition is to be taken into consideration in determining whether or not a service required of him is reasonable.

2. SAME—GROUNDS FOR DISCHARGE OF SERVANT—REFUSAL TO OBEY ORDER OF MASTER.

The refusal of a servant to obey an order of the master does not afford legal ground for his discharge unless such order was reasonable, and that question is one of fact for the jury, although the contract is in writing and requires him to perform such services as the master may direct, and the order is also in writing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 30–38.]

3. SAME.

A servant is bound to obey all lawful and reasonable orders of the master, and the motive of the master in giving such orders is immaterial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 30–38.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error to review a judgment of the Circuit Court, entered upon the verdict of a jury in favor of the defendant in error, who was the plaintiff below. In the opinion following the parties are designated as in the court below.

Lester, Graves & Miles (H. S. Graves and Charles S. Yawger, of counsel), for plaintiff in error.

Putney, Twombly & Putney (Henry B. Twombly and Louis H. Hall, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This was an action to recover damages for an alleged breach of a contract of employment between the defendant and one Brainerd Rorison, who assigned his claim to the plaintiff.

These facts were not disputed upon the trial: Prior to June, 1901, Rorison had been the president of the defendant company. At that time he resigned his office and entered its employment under a written contract providing that he should "devote his entire time, service, and energy, in good faith and to the exclusion of all other employment, to the service of this company and to the performance of such labors as the board of directors, its officers of executive committee, may direct," for the term of three years at the salary of $6,000 per year. For about two months Rorison rendered services under the contract at New York—where the defendant's offices were located—and then received a leave of absence without pay which continued until July, 1902, when he reported for duty. In response to his re-

quest that work should be assigned to him the defendant sent him an extended communication—the letter of July 22, 1902—directing him to proceed to a remote part of Mexico and to make an investigation of, and reports concerning lands which had been recently purchased by the defendant there. Rorison refused to obey this order upon the ground that it was unreasonable. He was thereupon discharged from his employment by the defendant, and brought this action upon the theory of a breach of contract by wrongful discharge.

Upon the trial the question of primary importance was whether the order was a reasonable one. Only in case it were reasonable did refusal to obey constitute good ground for dismissal. The trial court submitted the question whether the order was a reasonable one to the jury. The defendant assigns this action as error, and urges that the question of the reasonableness of the order was for the court to determine as a matter of law upon undisputed facts. This contention is evidently based upon the theory that, because the contract provided that Rorison should perform such labor as the defendant's officers might direct, he was bound to do whatever they chose to require, and consequently, the order being in writing and refusal to obey admitted, that there was no question of fact in the case. The defendant's contention is not well founded. While the contract contains no limitations with respect to the services to be required under it, conditions are implied with reference to which the law presumes that the parties contracted. Wood's Master and Servant (2d Ed.) § 83. Thus it must be presumed that the defendant employed Rorison with some regard to his known capabilities. A master has no right to require, and a servant is not bound to attempt, the impossible. A person known, when employed, to possess no technical skill, cannot be required, under pain of dismissal, to attempt a difficult engineering undertaking, even though he has agreed to do such work as his employer may direct. Upon similar principles the defendant has no right to require Rorison to make investigations involving the expenditure of money without making reasonable provisions therefor, in view of the conditions under which the investigations were to be made. The question, then, whether the order was reasonable, did not rest wholly upon undisputed facts. The capabilities of Rorison and the defendant's knowledge thereof were matters of fact to be found from the evidence. The nature of the work required could only be shown by testimony concerning the character of the country. The character of the country also indicated whether the provisions in the order for meeting Rorison's expenses were reasonable.

The facts being disputed, it was for the jury to determine whether the order was reasonable. The rule stated in Wood's Master and Servant (2d Ed.) p. 227, § 119, based upon early decisions, is not changed in any of the cases cited by the defendant:

"But, if the command of the master involves the doing of an unlawful act or is unreasonable, * * * the servant may refuse to obey without subjecting himself to dismissal upon legal grounds. But in all such cases the question of reasonableness is one of fact. * * *

"But a refusal or neglect on the part of the servant to obey a lawful and reasonable command of the master, which, in view of all the circumstances, amounts to insubordination, and is inconsistent with his duties to his mas-

ter, is a good ground for his discharge. But in determining this question reference must always be had to the contract, the nature and character of the business for which the servant was employed, and the command itself. What might be regarded as insubordination in a servant employed in one capacity might not be so regarded of a servant of another. Therefore the question is one of fact for the jury."

There was no error in the action of the trial court in submitting the question of reasonableness of the order to the jury.

The court, however, went further than this and, at the request of the plaintiff, instructed the jury as follows:

"If the jury find from the evidence that the officers of the company in giving Brainerd Rorison the orders contained in the letter of July 22, 1902, acted in bad faith, and for the purpose of getting rid of Brainerd Rorison, then his discharge, because of his refusal to carry out the said orders, was unjustifiable."

This charge was erroneous. A master has the right to give reasonable orders to a servant, even though he knows the work required is distasteful. He may give them with the expectation that the servant will leave his employment rather than obey. He may even give them for the express purpose, as stated in the charge, of "getting rid" of the servant. The motive of the master in giving the order is not important. Whether the order is reasonable is all important. A servant is bound to obey reasonable orders given in bad faith. He is not bound to obey unreasonable orders given in good faith.

As a new trial must be had by reason of this misdirection, we think it unnecessary to consider the other specifications of error.

The judgment is reversed.

WARD, Circuit Judge (concurring). I agree with the opinion of the court in this case, but go further, and think that a verdict should have been directed for the defendant. There was no dispute about the facts connected with the order given to the plaintiff to go to Mexico, his refusal to go, and his discharge by the defendant. These facts were all evidenced in written communications. It seems to me that the order to the plaintiff to go to Mexico and report on the company's property there was clearly within the contract of employment and reasonable. Most of the things which he was required to do after arrival involved reports as to the condition of its property which it was very natural for the defendant to want and which any intelligent person could make. If the plaintiff was not qualified to do some of these things or was not sufficiently equipped by the defendant to do them, he could not have been lawfully discharged for not doing them. The question of the reasonableness of the order in respect to these particulars would arise only if the defendant had discharged the plaintiff for not performing them, but he was discharged for refusing to go to Mexico at all, and I think there was no justification for his refusal.