### MEYERSON v. HART et al.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 140.

EVIDENCE (§ 417*) — PAROL EVIDENCE AFFECTING WRITING — COMPLETENESS OF WRITING.

A written contract of employment, complete in itself, by which one party agreed to employ the other for one year at a stated weekly salary, and the other party agreed to "accept said employment and devote his entire time and best energies to fulfilling the duties imposed upon him," cannot be added to by parol by reading into it a provision that the employé should be employed only as a foreman in the employer's business.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1884; Dec. Dig. § 417.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

George Ryall, for plaintiff in error.

Henry L. Scheuerman, for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The complainant alleges that the defendants, having employed the plaintiff for the term of one year from December 26, 1905, at $50 a week, on March 9, 1906, refused to permit him longer to perform the terms of the contract, to his damage in the sum of $2,050.

The defendants insist that the plaintiff refused to perform the work assigned to him, pursuant to the contract of employment.

So far as the question in controversy is concerned this contract is brief, clear, complete and free from ambiguity. It is as follows:

"Chicago, Illinois, Dec. 19th, 1905.

"Hart, Schaffner and Marx hereby agree to employ I. Meyerson for a period of one year from December twenty-sixth, nineteen hundred and five at a salary of fifty dollars per week, payable weekly.

"I. Meyerson hereby agrees to accept said employment and devote his entire time and best energies to fulfilling the duties imposed upon him, and that he will not for a period of one year from said date become interested in or engaged in any other business; and that he will not devote any time to any other business or be connected with any other business.

"Hart, Schaffner & Marx.
"I. Meyerson."

Assuming that the parties desired to make exactly this agreement would it be possible to use more perspicuous language? The defendants agree to employ the plaintiff for one year at a salary of $50 per week. The plaintiff accepts the employment and agrees to devote his time and energies to fulfilling the duties imposed upon him. If there be anything uncertain or incomplete about this writing we fail to comprehend what it is.

Granting that extraneous evidence might be necessary to show that the agreement related to the clothing business, it is enough to say that no such question arises on this record. The sole contention of the plaintiff is that he should be permitted to establish by parol that he was employed to act in the capacity of foreman. He has no other criticism of the contract to make. Stated more succinctly, the plaintiff asks that he be allowed to show by oral evidence that a written contract by which he agrees to perform the duties which his employers may impose upon him was, in fact, a contract which made it obligatory upon them to make him foreman of one of their shops and keep him there for a year, no matter how extravagant or incompetent he might be. He contends that he was to be foreman and nothing else. Even though business exigencies required the closing of his shop, even though fire destroyed it he was to be foreman still, and was entitled to draw his salary though he performed no service.

All this he claims under a written contract deliberately made and signed by him in which the word "foreman" does not appear. Undoubtedly the defendants intended to employ him as foreman if he were competent, but they knew little of his capacity and purposely and wisely required the insertion of a provision which enabled them to assign him to other work if a fair trial demonstrated that he was incapable of discharging the duties of foreman. Such an agreement was eminently fair to the plaintiff for, though performing inferior work, he was at all times to draw the high wages. Upon what theory we can reconstruct this agreement, made after ample time for reflection, by reading into it a provision which is not even implied by its terms, we are at a loss to discover.

Test it in another way; suppose the agreement had read, "We hereby agree to employ I. Meyerson as foreman for a period of one year" etc. Would the contention be entertained for a moment that the defendants might show by parol that this language meant that they were

to employ him as foreman only so long as it suited them to do so and could at any time transfer him to another and an inferior field of labor?

If the plaintiff's contention be correct they could do this.

In both cases the result would be the destruction of the written agreement and the substitution of an oral agreement in its place. This, as we understand it, the law forbids.

Nearly 60 years ago Prof. Greenleaf stated the rule as follows:

"When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." Greenleaf on Evidence, vol. 1, § 275.

See, also, Brantingham v. Huff, 174 N. Y. 53, 66 N. E. 620, 95 Am. St. Rep. 545; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Violette v. Rice, 173 Mass. 82, 53 N. E. 144.

It is a wise rule, a salutary rule, a rule designed to prevent misunderstanding and fraud. It was the result of the experience of the ablest jurists of this country and England and is the law to-day.

It is true that having run the gauntlet of numerous "hard cases" with the inevitable result which such cases are said to produce, it has emerged shorn of some of its ancient authority.

Parol evidence has been admitted to explain, interpret and complete, but we are not aware of any well-considered authority which goes to the extent of permitting parol evidence to change the purport of a perfectly plain written agreement.

If the rule be so relaxed as to permit this to be done a written contract will be little more than prima facie evidence of the intent and purpose of the parties.

The decision of this court in Development Co. v. King, 161 Fed. 91, 88 C. C. A. 255, is not at all controlling. There was in that case no question as to the meaning of the contract, which provided that the plaintiff should perform such labors as the defendant "may direct." The sole question was whether a direction that he proceed to a remote part of Mexico, was a reasonable one.

No question of this kind arises in the present case. No one pretends that there was anything unreasonable in requiring the plaintiff to work as a presser if the contract means what it says. It is only upon the theory that the agreement was one to employ the plaintiff exclusively as foreman that the assignment to do other work is asserted to be unreasonable.

If plaintiff had been directed to work as janitor, or to work in a shop of the defendants at San Francisco, and he had refused on the ground that the duty imposed upon him was unreasonable there would be a general similarity upon the facts between this case and the Development Co. Case.

As before stated the only question in the case at bar is whether the plaintiff should be permitted to show that he was employed solely as foreman.

We think the judgment is correct and should be affirmed.